WILLIAM B. LAWLER, RESPONDENT, v. ISAAC JENNINGS, ET AL, APPELLANTS.

ASSIGNABILITY OF CHOSE IN ACTION — SET OFF — ACCOUNT ADJUSTED—MISTAKE—EFFECT OF—ACTION IN NAME OF ASSIGNEE— SECS. 2903, 2920, R. S. 1898.

*Assignability of Chose in Action—Set-off.*

The Grizzley Mining Co., was indebted to L., J. and his co-stockholders assumed and paid the indebtedness, J. giving L. a note and mortgage for his *pro rata* share. At time of settlement, by mutual mistake, L. was overpaid in the sum of $1,000, claim for which amount was afterwards assigned to J. *Held*, that the amount was properly assignable, and that in an action by L. against J. to foreclose, J. was entitled to credit for the same under a counter claim as a set-off to the claim of L. on the mortgage.

*Account Adjusted—Mistake—Effect of.*

Although an account is adjusted between parties, if palpable errors, which cannot be misunderstood, are shown, the settlement must be considered as made upon mistake and is not obligatory upon the injured party or his representatives.

*Action in Name of Assignee—Secs. 2903, 2920—R. S. 1898.*

The test of the assignability of a chose in action being whether or not it would survive and pass to the personal representa-

tives of a decedent, if it would so survive it may be assigned, and under Secs. 2903, 2920, R. S. the assignee of a claim for money paid by mistake and having an interest therein independent of the assignment may bring an action in his own name.

( Decided October 11, 1898.)

Appeal from the District Court, Salt Lake County, Hon. Ogden Hiles, *Judge.*

Action by plaintiff against defendant Jennings, to foreclose a mortgage. Defendants answered and counterclaimed on an overpayment made by mistake of defendant Isaac Jennings and his assignors. From a judgment in favor of plaintiff defendants appeal. *Modified.*

*Messrs. Booth, Lee & Gray,* for appellants.

That defendants' counterclaim is proper. See Pomeroy Remedies and Remedial Rights, section 792 and note 1.

*Messrs. Marshall, Royle & Hemstead,* for respondent.

A mere right to assail a settlement of the assignor for fraud or mistake, of which he made no complaint, is not an assignable chose in action. *Cross* v. *Sacramento Savings Bank,* 66 Cal. 462; *Whitney* v. *Kelley,* 94 Cal. 146—s. c. 15 L. R. A. 813 and notes; *Marshall* v. *Means,* 12 Ga. 61—s. c. 56 Am. Dec. 444 and notes; *Crocker* v. *Bellangee,* 6 Wis. 645 at p. 663–667; *Bullard* v. *Raynor,* 30 N. Y. 197; *Hoffman* v. *Bullock,* '34 Fed. Rep. 248; *Graham* v. *R. R. Co.,* 102 U. S. 148; *Jones* v. *Babcock,* 15 Mo. App. 150; *Brush* v. *Sweet,* 38 Mich. 574; *Smith* v. *Thompson,* 94 Minn. 381; 2 Am. & En. Ency. of Law (2 Ed.) p. 1023–1025 and cases cited in notes; 1 Parsons on Contracts (8 Ed.) p. 226, 227; 2 Story's Eq. Jurisp. Sec. 1040h; 3 Pom. Eq. Jurisp. (2 Ed.) Sec. 1276; Pom. Code

Rem. (3 Ed.) Sec. 153; 1 Peny on Trusts (3 Ed.) Sec. 69; Prosser v. Edmonds, 1 Younge & C. 481.

It is not the policy of the law to disturb settlements made with deliberation and with tolerable fairness, more particularly where they have been acquiesced in by the parties thereto for several years. 2 Pom. Eq. Jurisp. (2 Ed.) Sec. 820; *Godbe* v. *Young*, 1 Utah, 55; *Benites* v. *Hampton*, 3 Utah, 369; *Union Bank* v. *Knapp*, 15 Am. Dec. 181; *Roach* v. *Gilmer*, 3 Utah, 389; *Conlin* v. *Carter*, 93 Ill. 536; 1 Am. & Ency. of Law, (2 Ed.) p. 462 and notes.

The cause of action alleged in the counterclaim is barred by the statute of limitations. *Shain* v. *Susovich*, 104 Cal. 402.

The cause of action affirmatively alleged in the defendant's answer is not pleadable as a counterclaim to the plaintiff's cause of action herein, nor does it state facts sufficient to constitute a counterclaim. 2 C. L. U. 1888, Sec. 3227; Bliss on Code Pleading (3 Ed.) Secs. 371, 373, 377; Pomeroy's Code Remedies (3 Ed.) Sec. 768 *et seq.*

MINER, J.:

In 1892, the Grizzley Mining Company, a corporation, purchased from the plaintiff certain mining claims for the sum of $39,000. A portion of the purchase price was secured to plaintiff by notes of the company endorsed by the stockholders of which defendant Isaac Jennings was one. After such notes were given the company made payments upon the interest and principal from time to time, and when the old notes matured new notes with like endorsers were given, and the old notes were cancelled. On November 24th, 1894, the indebtedness of the company to the plaintiff was taken up and each stockholder secured or paid the plaintiff his proportionate share of the

company's indebtedness.    The note and mortgage sued upon in this case was given plaintiff by defendant Jennings, for the purpose of paying his share of the indebtedness due from the company to the plaintiff, according to the amount of stock held by him.

During the transaction between the company and the plaintiff, and prior to the giving of the note and mortgage sued upon, about October, 1893, the plaintiff, by mistake of all the parties, was overpaid by the Grizzley Mining Company, by the giving of the said notes, and by payments made, to the amount of $1,000, and this mutual mistake was not discovered by any of said parties or by the Grizzley Mining Company, until the spring of 1896. In June, 1897, the Grizzley Mining Company, after the discovery of the mistake, and for a valuable consideration, assigned to defendant Jennings, its claim against the plaintiff for said amount so overpaid to the amount of $1,000.    In this action to foreclose said mortgage defendant Jennings interposed as a defense, by way of a counterclaim, the said claim so overpaid and assigned to him, and prays judgment for such amount with interest from November 24, 1894.

The trial court found as a conclusion of law that the claim of said sum of $1000, which was overpaid to the plaintiff by the Grizzley Mining Company by mutual mistake, and assigned to defendant, was, and is not an assignable thing in action, and for that reason defendant Jennings was not entitled to an offset of the same.    This finding is assigned as erroneous.

Respondent contends that appellant is not entitled to recover on the counterclaim set forth in the answer under Sec. 3227 C. L. U. 1888, and that a mere right to assail a settlement of the assignor for fraud or mistake of which

he had made no complaint, is not an assignable chose in action.

As will be seen from a statement of the case this contention does not involve the question of any fraud on the part of either party. The question is whether the defendant a stockholder and assignee of the company can maintain this counterclaim and recover as against the mortgage the sum of $1000, which the court found was overpaid to plaintiff by mutual mistake of all parties, when such mistake was discovered before the assignment to the defendant in the forepart of the year 1896, and sought to be recovered in this action December, 1897.

It appears that the Grizzley Mining Company was indebted to the plaintiff. The defendant was a stockholder in the Grizzley Mining Company. For the purpose of paying that indebtedness each stockholder paid, or secured to the plaintiff, his proportionate share of that indebtedness in proportion to the amount of the stock held by them respectively. Payments had previously been made to the plaintiff by the company from time to time upon the original indebtedness. When the present note and mortgage were executed, defendant was informed that the plaintiff's claim amounted to a certain sum, and that his share thereof would be $3,777, whereupon this mortgage was given in payment. It was subsequently discovered that according to the books, the plaintiff had been overpaid, by mistake of all the parties, in the sum of $1,000. When the stockholders paid or secured their proportionate share of the company's indebtedness they jointly overpaid the plaintiff the sum of $1,000. The combined indebtedness of the company, assumed and agreed to be paid by the stockholders, was $1,000 less than was actually paid by them. When the defendant executed the mortgage and paid his share of the company's in-

debtedness by consent of the plaintiff, he executed it for a sum considerable in excess of what it was agreed he should have paid, had the whole truth been known at the time. The company learned of this mistake shortly after the settlement. The defendant was directly inter-ested in having a portion of that sum refunded. At this time $1,000 was actually due to the company from the plaintiff as shown by the books. That claim was regularly assigned to the defendant, and there is no question about the amount being correct, so far as appears from the findings. Under such circumstances the account was properly assignable to the defendant who should have been allowed a credit for the same, under his counterclaim, as a set-off to the plaintiff's claim on the mortgage. Sec. 3227 C. L. U. 1888.

When the defendant and his co-stockholders assumed and paid the company's indebtedness to the plaintiff, they agreed to pay the actual sum due, and they paid $1,000 more than was due. Each stockholder, including the defendant and the company were directly interested in the sum to be paid. The stockholders were endorsers on the note for the company. The debt was their obligation. The defendant was individually liable for the whole sum due the plaintiff, as endorser, before he paid his share by the execution of the note and mortgage. The claim was not stale. It was not based upon an account stated. The mutual mistake was discovered shortly after the amount was paid. There was no fraud involved in the mistake, and no waiver of the mistake appears.

Under such circumstances the rule as laid down in *Cross* v. *Sacramento Sav. Bank*, 66 Cal. 462, relied upon by respondent, does not apply.

While the practice of opening accounts, which the parties themselves have adjusted, upon doubtful testimony at

the instance of an assignee is considered dangerous, yet, if palpable errors are shown, errors which can not be misunderstood, the settlement must so far be considered as made upon absolute mistake or imposition, and ought not to be obligatory upon the injured party or his representatives, because such items cannot be supposed to have received his assent. *Chappedelaine* v. *Decheneaux*, 4 Cranch. 306.

Under the statutes of Utah the assignee could bring this action in his own name. Sec. 2903, Rev. Stat.: Sec. 2920 *Id.*

As a general rule all choses in action and all rights of action arising out of contract, may be assigned. The general test applied in determining the assignability of a chose in action is whether or not it would survive and pass to the personal representative of a decedent. If it would so survive, it may be assigned so as to pass an interest to the assignee which he can enforce in his own name; if it does not so survive, it is not assignable either at law or in equity. Pomeroy's Rem. Rights and Rem. Secs. 146, 147, 792; 2 Am. & Eng. Ency. of Law, (2d Ed.) p. 1016–17–20; 18 Mich. 218; *Crocker* v. *Whitney*, 10 Mass. 316.

We are of the opinion that this claim was assignable, and that the sum of $1,000, found overpaid to the plaintiff by mutual mistake of the parties, with interest thereon from Nov. 24, 1894, should have been allowed the defendant under his counterclaim.

The case is remanded to the district court with directions to modify the conclusions of law and decree in accordance with this opinion, and to enter decree accordingly. The appellant should recover costs.

ZANE, C. J., and BARTCH, J., concur.