## NATIONAL UNION FIRE INSURANCE COMPANY v. DENVER & R. G. R. CO.

No. 2530.   Decided December 17, 1913 (137 Pac. 653).

1. ASSIGNMENTS—PARTIAL ASSIGNMENTS.   An assignment of only a part of a claim is not, in the absence of statute, enforceable at law, though good as an equitable assignment.   (Page 30.)

2. PLEADING—WAIVER—ACTION BY ASSIGNEE—PARTIAL ASSIGNMENTS. Comp. Laws 1907, sec. 2902, requires every action to be prosecuted in the name of the real party in interest, and section

2489 requires that the Statutes shall be liberally construed and section 2967 provides that if no objection be taken to the complaint, defendant is deemed to have waived the defect, except as to objections to jurisdiction, and that the complaint does not state a cause of action. *Held*, that the objection that the complaint showed that the action was brought to enforce an assignment of only a part of an entire claim could not be raised by general demurrer and was waived, if no specific objection was made on that ground until after judgment for plaintiff. (Page 31.)

3. ASSIGNMENTS—TESTS OF ASSIGNABILITY. The only test of assignability is whether the cause of action survives and passes to the personal representative of the owner.[1]  (Page 32.)

4. ASSIGNMENTS—CLAIMS ASSIGNABLE. A claim by the owner of property, negligently destroyed by a railroad company, for damages for its destruction is assignable. (Page 32.)

5. ASSIGNMENTS—ACTION OF ASSIGNEE—PARTIAL ASSIGNMENT. Under Const. art. 8, sec. 19, providing that "law and equity may be administered in the same action," an equitable right of an assignee of part of a claim may be enforced in a civil action. (Page 33.)

6. ASSIGNMENTS—PARTIES—"REAL PARTY IN INTEREST." An insurance company receiving an assignment of a property owner's claim for damages against a railroad company for the negligent destruction of property, was the "real party in interest" within Comp. Laws 1907, sec. 2902, so as to sue on such assignment in its own name, even if the assignment was of only a part of the claim. (Page 34.)

7. ACTIONS—SPLITTING CAUSES OF ACTION. Plaintiff may not split up his cause of action. (Page 35.)

8. PLEADING—WAIVER OF OBJECTION—SPLITTING CAUSES OF ACTION. Defendant may waive an objection to the complaint on the ground that the cause of action sued on was split, and does waive it, if no objection be taken by demurrer or answer pursuant to Comp. Laws 1907, sec. 2967; the rule against splitting causes of action merely existing for defendant's benefit and not involving any public policy. (Page 37.)

---

[1] Lawler v. Jennings, 18 Utah, 35, 55 Pac. 60.

APPEAL from District Court, Fourth District; *Hon. A. B. Morgan,* Judge.

Action by the National Union Fire Insurance Company against the Denver & Rio Grande Railroad Company.

Judgment for plaintiff. Defendant appeals.

AFFIRMED.

*Van Cott, Allison & Riter* for appellant.

*A. C. Hatch* for respondent.

FRICK, J.

On May 4, 1912, the plaintiff insurance company, respondent in this court, commenced an action against the defendant railroad company, appellant here, to recover the sum of $250. After alleging the corporate existence of both parties, the material allegations of the complaint in substance are: That on the 9th day of August, 1911, one Minnie Witt was the owner of a certain "barn, stables, and outbuildings" in Heber City, Wasatch County, Utah, of the value of $600; that prior to said date said property was insured under a policy issued by the respondent in the sum of $250, which policy was still in force on the date aforesaid; that on the said 9th day of August, 1911, said property was wholly destroyed by fire which was caused by the negligence of the appellant, to the damage of said Minnie Witt, the owner thereof, in the sum of $600; that thereafter, in consideration of the payment of the sum of $250 by respondent to said Minnie Witt, the same being the amount for which said property was insured by said policy as aforesaid, she duly assigned "her claim against the defendant (appellant) for damages sustained by reason of the burning of the buildings aforesaid," to the extent of $250.

Upon substantially the foregoing allegations respondent demanded judgment against appellant for the sum of $250, and for costs.

We have eliminated what we deem to be immaterial allegations from the foregoing statement. The appellant filed an answer in which, after admitting the corporate capacity of both parties, it in legal effect denied all other allegations of the complaint.

Upon these issues the case was tried to the court without a jury. The court made findings of fact which substantially covered the foregoing statements of the complaint, and also made conclusions of law in which it found that respondent, as the assignee of the said Minnie Witt, was entitled to judgment against appellant for said sum of $250, and for costs. Judgment was entered accordingly, from which this appeal is prosecuted.

The only assignments of error are: That the district court erred in its conclusions of law that the respondent, as assignee of Minnie Witt, is entitled to recover against appellant, and that the court erred in "rendering a judgment for the plaintiff (respondent)."

The substance of the contention of appellant's counsel is that the judgment is erroneous for the reason that, in view of the allegations of the complaint that only a part of the claim against the appellant was assigned to the respondent, it cannot maintain an action against appellant for such part. It is insisted that in view that Minnie Witt, the assignor, retained an interest in the assigned claim, which appeared upon the face of the complaint, the action should have been prosecuted in her name, or she at least should have been made a party defendant, and for that reason the respondent, in suing alone, had no standing in court.

While the precise question, in the form it is presented here, is one of first impression in this jurisdiction, the principles that must control under our statute are nevertheless, we think, well established. Counsel cite authorities which they insist support their contention as outlined above. Among other cases to which they have referred us are the following: *Home Mut. Ins. Co. v. Oregon Ry. & Nav. Co.,* 20 Or. 569, 26 Pac. 857, 23 Am. St. Rep. 151; *German Fire Ins. Co. v. Bullene et al.,* 51 Kan. 764, 33 Pac. 467; *Nor-*

*wich Union Fire Ins. Co. v. Standard Oil Co. et al.,* 59 Fed.
984, 8 C. C. A. 433; and *Dean v. St. Paul & D. Ry. Co.,*
53 Minn. 504, 55 N. W. 628.

In all of the foregoing cases it is substantially held that an
assignment of only a part of an entire claim, while good in
equity, is not enforceable by the assignee in an action at law.
It is further held in the first three cases referred to
that when property is insured against loss by fire,
and it is destroyed by fire through the negligence of
another party while the insurance is in force, and such other
is liable for the loss, the insurer is subrogated to the rights
of the owner of the property to the extent that the former
has paid the loss occasioned by the fire, and, in case he pays
the full value of the property destroyed, he may sustain an
action in his own name against the wrongdoer to recover such
value; but if the property is insured for less than its full
value, and the insurer pays only the amount of the insurance,
then he is subrogated to the rights of the insured to the ex-
tent of the payment made as aforesaid, and in such event the
owner of the property who retains an interest in the claim
against the wrongdoer should bring the action to which the
insurer may be a party. The law with respect to the rights
of subrogation in such cases is admirably stated by the author
of Joyce on Insurance in volume 4, section 3537, to which
we specially refer. The rule with regard to the bringing of
an action, as outlined in the decisions above referred to, is
based upon the theory that the claim against the wrongdoer
for the destruction of the property is an entirety and cannot
be split up into different parts by the owner. In other
words, it is in effect held in those decisions that, inasmuch
as the owner of the destroyed property cannot split up the
claim against the wrongdoer into several actions, therefore
this may not be done by splitting or dividing the claim among
several assignees. Relying upon the foregoing statements of
the law, counsel insist that the district court erred in enter-
ing judgment for the sum of $250 in favor of the respondent,
because it appears from the complaint that the property was

worth $600, and therefore the owner, Minnie Witt, assignor of respondent, still retained an interest of $350 therein.

In making the contention counsel, as it seems to us, entirely overlook or ignore the fact that in all of the foregoing cases some timely objection was interposed by the party sued in which the right to maintain or to proceed with the action was challenged. No objection of any kind was interposed in this case before judgment. It is not clear from the cases above referred to whether the demurrers referred to in the opinions were general; that is, whether they were directed to matters of substance or whether they were special and merely went to the right of maintaining the action in the form in which it was instituted. While there are some expressions in the opinions which would lead one to infer that the courts held that the objection could be reached by a general demurrer, yet we think that such was perhaps not the intention of the courts. Nor do we think that upon principle such is the law. We remark further that the objections to the maintenance of the actions in the foregoing cases all seem to have been based upon the somewhat narrow right of subrogation, as that right existed under the common law, rather than upon the broader right of assignment under our Code. If it shall be assumed that the foregoing cases, and others like them, are to be construed as holding that, in case timely and proper objection is made to the maintenance of an action by an assignee who sues only for a part of an entire claim which arises out of circumstances such as are disclosed in the complaint in this case, the court, upon such objection being made, should arrest the action from proceeding further until the necessary parties are brought in, then we fully agree with the decisions. But if those decisions shall be construed as holding as counsel contend, namely, that an objection is good although not made until after judgment, or that the question can be reached by merely interposing a general demurrer for want of facts, we cannot yield assent to the proposition. Under our statute we think the rights of assignees, under circumstances like those in the case at bar, are very clear.

Comp. Laws 1907, section 2902, provides:

"Every action must be prosecuted in the name of the real party. in interest, except that an executor or administrator, a trustee of an express trust, or a person expressly authorized by statute may sue without joining with him the person for whose benefit the action is prosecuted. A person with whom or in whose name a contract is made for the benefit of another is a trustee of an express trust, within the meaning of this section."

It will be observed that this section is most sweeping in its terms. It is what Mr. Pomeroy in his Code Remedies (4th Ed.) section 124, characterizes as the "sensible and comprehensive form." While the Codes of all the states in some form provide that every action must be prosecuted in the name of the real party in interest, yet in some states exceptions are made with respect to the assignment of causes of action arising *ex delicto*. For instance, in the State of Kansas (2 Gen. St. 1889, section 4103), the exception is expressed in the following terms:

"But this section shall not be deemed to authorize the assignment of a thing in action, not arising out of contract."

This exception is also found in the Codes of Indiana, Missouri, Wisconsin, South Carolina, Kentucky, Oregon, Nevada, North Carolina, Washington, and Arizona.

The only test of assignability in this state is whether the cause of action survives and passes to the personal representative of a decedent. (*Lawler v. Jennings,* 18 Utah, 35, 55 Pac. 60.)

In our judgment it cannot be doubted that the claim involved in this action would have survived and passed to the personal representative of a decedent in whose favor the cause of action had accrued during his lifetime. The assignability of the claim sued on is therefore indubitably established by our own statute. But that such a claim is assignable has also been judicially determined. See *Caledonia Ins. Co. v. Northern Pac. Ry. Co.,* 32 Mont. 46, 79 Pac. 544.

But it is contended, and to that effect are the decisions to which reference has been made, that the assignment is good only in equity and is not enforceable in an action at law. Upon this question we must again have recourse to and be governed by our own laws rather than by what it is contended the law is in some foreign jurisdiction. In order to destroy, so far as this may be done in the enforcement of existing rights, the effect of the distinction between law and equity in the administration of justice, our Constitution (article 8, section 19) provides: "There shall be but one form of civil action, *and law and equity may be administered in the same action."* (Italics ours.)

It should not be overlooked in this connection that, while that part of the foregoing section which is not italicized is general to all the code states, yet that portion which is italicized is, so far as we are aware, found only in the Constitution of this state, and being found there must be given full effect by the courts. It follows, therefore, that while under the common law, and under some general statutes in some of the states, rights in respect to assignments of a part only of an entire claim may be qualified and enforceable only in an action in equity, yet, under our Constitution, this, in our judgment, may clearly be done in an action at law. By this we do not mean that purely equitable rights may be enforced in a law action, but what we mean is that, where under our statute a legal right, or even an equitable right, is clearly given, such a right may be enforced in a civil action whether the action be denominated an action at law or one in equity. Therefore in the case at bar we think the right was clearly enforceable under our Constitution.

The foregoing conclusion is in our judgment, clearly sustained by Comp. Laws 1907, section 2489, which, so far as material here, provides:

"The Revised Statutes establish the law of this state respecting the subjects to which they relate, and their provisions and all proceedings under them are to be liberally construed with a view to effect the objects of the statutes and

44 Utah  3

to promote justice." Where the statute, therefore, creates a right, the possessor thereof is entitled to have the same enforced in accordance with the rules of procedure outlined by our own statutes rather than by those of some other state. Starting out with the postulate that under our own statute the claim in question was assignable and that the real party in interest must sue, why could not respondent bring this action upon the cause of action in this case precisely the same as it might sue on any other cause of action? Does the fact that some other person or persons may also have or claim to have some interest in the claim sued on deprive the respondent of the right to sue? We think not.

But, even if it be granted that respondent only obtained an equitable or a qualified interest as contradistinguished from an absolute and unqualified interest, still, under our Code, it was the real party in interest, so far its interest extended, and the action could be commenced and maintained in its name. Mr. Pomeroy, in his excellent work on Code Remedies (4th Ed.) section 127, in referring to the rule that all actions should be prosecuted in the name of the real party in interest, says:

"Not only does the rule prevail when the assignment is absolute and complete and the assignee is the legal owner of the demand; it prevails with equal force in cases where the assignment is simply equitable in its character; and the assignee's title would not have been recognized in any form by a court of law under the old system but would have been purely equitable. Such assignee, being the real party in interest, must bring the action in his own name."

The question, as we shall see, is merely one of bringing into the action all those who claim an interest in the subject-matter of the action, and not one respecting the right to bring an action by any one of the interested parties. Nor is the contention that, inasmuch as the original owner of the claim may not split it up into several actions, therefore this may not be done by making assignments to different parties of the claim an insuperable obstacle to the right of bringing an action by one of the assignees of a part of the claim. The real question to be answered is: Does the rule against split-

ting the cause of action affect the assignee in his right to bring an action?

In our judgment the whole contention in this respect arises out of the assumption that the owner of a claim may not bring an action for less than the whole amount of his claim without being guilty of infringing the salutary and well-recognized doctrine that one may not split up his cause of action and thus base several actions upon what is but a single cause of action. But the real question still is: When is a single cause of action split, within the purview of the doctrine? Is it when the first action is commenced, or is it when the attempt is made to bring a second action upon the same cause of action? A moment's reflection will make clear that it is not when the first action is commenced, but it occurs, if it occurs at all, when the second action is brought. To illustrate: Let us assume that A. has a claim against B. arising out of a tort which arose out of the negligent destruction of A.'s property by B., which claim amounts to the sum of $1000. Let us assume further that A. brings an action against B. in which he alleges the destruction of the property and the value thereof but sues only for the sum of $250, or a part of the entire claim. In such a case can B. successfully interpose a demurrer upon the ground that A. does not state a cause of action because from his complaint it appears that the value of the property (that is, the whole loss to him) was $1000, whereas he sues only to recover one-fourth of that amount and apparently reserves the right to sue for the other three-fourths in some other action or actions? In the supposed case does not A. state a good cause of action although he does not sue to recover the full amount of his loss? In bringing such an action, is he splitting the cause of action within the purview of the doctrine against the splitting up of causes of action? Clearly not. Would any lawyer seriously contend that a judgment in favor of A. for the sum of $250 would be vulnerable to attack merely because it appeared upon the face of the complaint that he only sued for part of the $1000 claim, and that the attack could be

made upon the sole ground that the action was not brought for the whole claim? The answer is obvious, and the reason is equally clear, since in seeking to recover only a part of the $1000 he nevertheless states a good cause of action, and hence a general demurrer would be impotent to reach the defect, if any defect exists. Now, let it be further assumed that it is also made to appear from A.'s complaint that there is at least one other who also claims an interest in the $1000. Does A. for that reason fail to state a good cause of action? The answer is again obvious. What then, is B.'s remedy? Has he any? He most certainly has a plain and adequate remedy. If it appears upon the face of the complaint that either one or more persons are interested in the claim of $1000, B., under our practice (Comp. Laws 1907, section 2962), may interpose a special demurrer upon the ground "that there is a defect of parties plaintiff." The court will then require the party bringing the action either to make the party in interest a plaintiff, or, if such party refuse to come in as plaintiff, he may be made a defendant, and the action may then proceed to a final determination. But suppose it does not appear upon the face of the complaint that there is another party interested in the subject of the action? Then B. may proceed under section 2966, which provides that, if the matter does "not appear upon the face of the complaint, the objection may be taken by answer." If the objection is taken by answer, it constitutes what is usually termed a plea in abatement to the action. Section 2967 provides: "If no objection be taken, either by demurrer or answer, the defendant must be deemed to have waived the same, excepting only the objection to the jurisdiction of the court, and the objection that the complaint does not state facts sufficient to constitute a cause of action."

The supposed evil consequences that it is asserted will happen to a defendant if a plaintiff be permitted to sue upon a claim for less than the amount thereof, or in case he is permitted to bring an action upon a claim in which others, as assignees, may also claim or have an interest without in the

first instance joining those other claimants, are easily avoided by making the proper objections at the proper time.

Again, let us suppose that A. brings a second action upon a single cause of action on which he has either another action pending or has already obtained judgment. B.'s remedy is again clear, speedy, and adequate. If the fact that another action is pending or that a judgment has already been obtained for the same cause of action between the same parties is apparent from the face of the complaint, the whole matter may again be reached by special demurrer, and, if it does not so appear, then by answer, which, if a judgment has already been obtained, would be in the nature of a plea in bar, otherwise in the nature of a plea in abatement. If, however, the defendant fails to make any objection until after judgment, as in the case at bar, he has waived his right to be heard upon the foregoing question except upon the broad ground that the court lacked jurisdiction, or that the complaint failed to state facts sufficient to constitute a cause of action which in one sense is equivalent to a lack of jurisdiction. In any view, therefore, that can be taken, the defendant has a clear, speedy, and adequate remedy, and no fundamental principle of law or justice is disregarded, as must be the case in many cases, at least if it be held that a plaintiff may not bring and sustain an action on only a part of an entire claim or upon one in which another has an interest, although no objection is interposed by the defendant until after judgment. Moreover, to hold that a plaintiff may not proceed as outlined above is to hold that, although he has a legal right, yet he cannot enforce it in the regular way.

It should also be remembered that the rule that a single cause of action may not be split up into several actions was created and exists for the benefit of the defendant, and it being a matter which involves no special public policy and one that a defendant may waive, and does waive, as provided by section 2967, *supra,* unless timely and proper objection is made. The fact that it may be waived is but another way of stating the legal conclusion

that the objection cannot be raised either by a general demurrer or after judgment. If the complaint states a cause of action, a general demurrer cannot reach the defect, and for the same reason the objection against the judgment must fail.

We think that appellant's counsel would concede that the judgment in this case is not void upon its face. Yet, if their contention is granted, it must be upon the ground that the judgment is void, since their objection is grounded upon but one claim, namely, that the complaint entirely fails to state a cause of action. All this merely goes to show that the defect in cases like the one at bar must be reached in the way pointed out herein, or it must be deemed waived. While the cases in which the matter has been considered in the light we have considered it herein may be few, yet we think that under our statute, and upon sound principles of both substantive law and procedure, no other conclusion is permissible than the one outlined above.

We are of the opinion that upon principle the case of *Grain v. Aldrich,* 38 Cal. 514, 99 Am. Dec. 423, is not distinguishable from the one at bar. In that case it was squarely held that although an entire claim is sought to be split up by making several assignments of parts thereof, and although that fact is made to appear from the face of the complaint, yet the complaint for that reason is not vulnerable to a general demurrer that it does not state a cause of action.

From what has been said, it follows that the judgment should be, and it accordingly is, affirmed, with costs to respondent.

McCARTY, C. J., and STRAUP, J., concur.