[Civ. No. 6027. First Appellate District, Division One.—March 28, 1928.]

THE DEPOSIT GUARANTY STATE BANK (a Corporation), Respondent, v. HESSEL MOTOR CAR CO. et al., Appellants.

Frank J. Fontes and E. J. Talbott for Appellants.

Richard Fitzpatrick for Respondent.

CASHIN, J.—An appeal from a judgment in favor of the plaintiff in an action for the conversion of an automobile.

The plaintiff was the mortgagee of the automobile, the mortgage thereon having been executed in Oklahoma by one Redding, its owner. The latter subsequently removed the property to California without the consent of the mortgagee, and sold the same to defendant Hessel Motor Car Company, which, in turn, sold the car to defendant McCord. The defendants were purchasers for value and without no-

tice of the claim of the plaintiff. The mortgage under the laws of Oklahoma created a valid lien; but the instrument was not recorded in California, and it is contended that by the removal of the property to, and the failure to record the mortgage in, the latter state the lien was lost; and, further, that the damages allowed by the court, namely, $2,250, were excessive.

As held in the case of *Mercantile Acceptance Co.* v. *Frank et al.*, 203 Cal. 483 [265 Pac. 190], the mortgage being a valid lien in the state where it was executed, such lien was not lost by the removal of the property to California, nor was its recordation in the latter state essential to the validity of the mortgage.

The value of the automobile, as shown by the evidence, exceeded the mortgage debt, which, with interest, amounted to $1,883.20; and, in addition, the trial court found that the plaintiff in pursuing the property expended sums in excess of $400. The expenditure of those sums, and that the same was reasonably necessary in order to locate the property, were facts sufficiently supported by the evidence, and the further contention that the action could not be maintained against the defendant McCord is without merit.

The judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.