No. 13,365.

ARNOLD ET AL. *v.* FIRST NATIONAL BANK OF CRIPPLE CREEK.

(39 P. [2d] 791)

Decided December 21, 1934. Rehearing denied January 7, 1935.

Messrs. McHENDRIE, SHATTUCK & POINTER, Mr. CHARLES E. SABIN, for plaintiffs in error.

Messrs. ALTER & UPTON, for defendant in error.

*In Department.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE First National Bank of Cripple Creek, Colorado, brought this action in the county court of Teller county, Colorado, against the defendants Jeter Arnold, his wife, and F. W. Harriman, doing business as Arnold, Harriman & Company, and also named as defendants L. A. Jardon and H. L. Jardon. The plaintiff bank in its complaint asked for judgment in the sum of $500 and interest against all of the defendants for and on account of an alleged conversion by them of 140 head of sheep of the value of $500 which had been sold by the defendants Jardon to Arnold, Harriman & Company, on which at the time of sale the plaintiff bank had a valid chattel mortgage in the sum of $500, of which all the defendants had knowledge. There was no defense at the trial by the Jardons, vendors of the sheep, and they are not parties to this writ of error. The other defendant, plaintiff in error here, doing business as the Arnold company, contested the action in the county court and as the result of the trial judgment was rendered against it in favor of the bank for approximately $545 and costs. From this judgment an appeal was taken by Arnold company to the district court. There was a trial in the district court and judgment was rendered for the plaintiff bank against the defendant company, plaintiff in error here, in the sum of $563 and costs. To this judgment for plaintiff bank the defendant company is prosecuting this writ of error.

The defendant company in its answer set up therein a cross-complaint against the plaintiff bank wherein there was sought a judgment for about $821 for and on account of various alleged claims which it asserted against the bank. As to this cross-complaint it is sufficient merely to say that the plaintiff in its replication denied the allegations thereof. The issues thus raised were submitted to the trial court, sitting as a trier of facts, and it found in favor of the plaintiff. We cannot, under the well established rule in this jurisdiction,

interfere with this finding, sustained as it is by ample evidence.

■ The briefs of counsel for plaintiff in error cover a wide range, far beyond what we deem necessary or pertinent to the evidence produced in its behalf. They designate the plaintiff bank's action as common-law trover, and in an elaborate argument seek to show that the evidence of the plaintiff fails to prove the essential elements of that sort of an action, and this is defendant's principal contention in this review. So persistently and with apparent confidence do defendant's counsel stress the alleged insufficiency of the evidence to establish trover, that we have not relied upon the abstract of the evidence alone which defendant's counsel have filed, but have resorted to the transcript of the record and read what it contains upon this subject. In view, however, of the findings and judgment of the county court on all of the issues in plaintiff's favor, and on appeal to the district court a like judgment for plaintiff was rendered, we do not deem it necessary or proper to reproduce such evidence in detail. Our reading of it satisfies us that the plaintiff bank's evidence sustains the allegations in its complaint in every substantial particular. The defendant, however, vigorously argues that the conversion by the defendant pleaded in the complaint was not established by its evidence. Not only the abstract of the evidence as made by defendant's counsel, but the transcript itself shows that, although in some particulars there was a conflict in the evidence, there was, however, sufficient legal evidence tending to establish plaintiff's case as pleaded and it failed to establish any of the defenses interposed by the defendant. Otherwise stated, the case as pleaded by the plaintiff in its complaint finds legal support in the evidence amply and legally sufficient to uphold the findings of fact in plaintiff's favor made by the trial judge of the county court, and on appeal by similar findings by the judge of the district court. Both in the county court and in the district court trial to a jury

was waived by the respective parties and the judgment of each court was in plaintiff's favor.

We might rest our approval of the findings of fact made both by the county and district courts in plaintiff's favor, and a like approval of the judgment of the district court, now under review, based on such findings of fact, for the reasons and grounds hereinbefore stated. But we deem it appropriate further to consider and dispose of what able counsel for defendant company apparently consider a good ground for asking a reversal of the judgment of the district court. They argue with much force the proposition that there was not, and could not have been, a conversion by the defendant company of the sheep included in the chattel mortgage, because the sale thereof by Jardon, one of the defendants, to the other defendant, Arnold Company, with the consent of the plaintiff bank, divested the bank of its mortgage lien on such sheep and passed to defendant company both possession and absolute unincumbered title. If the foregoing statement of alleged facts is all that is to be considered in such determination it might be that counsel for the defendant company are right in their contention. Plaintiff did consent to the sale of the sheep described in its chattel mortgage, but the consent given was not absolute; it was expressly and explicitly qualified and the qualification was that the entire proceeds of such sale were to be, and should be, given and turned over to the plaintiff mortgagee bank to be applied by it to the mortgage debt. Under such a state of facts the authorities may not be entirely harmonious. Our own previous decisions, however, we think clearly make valid and enforceable the consent of the plaintiff bank, mortgagee, to the sale of the mortgaged property on condition that the proceeds thereof should be applied on the mortgage debt. If the mortgagee bank here authorized the mortgagor to sell the mortgaged property for his own account the lien of the mortgage would be lost. *Ziegler v. Ilfeld,* 52 Colo. 275, 122 Pac. 56. In *Moore v. Jacobucci,* 70 Colo.

171, 197 Pac. 1015, it was held that where a mortgagee gives to the mortgagor general authority to sell the mortgaged property for his own benefit or account, the lien is waived. See also *Clatworthy v. Ferguson,* 72 Colo. 259, 210 Pac. 693. In 5 C. J., p. 915, note 38 [d], it is said: ''Where a mortgagee consented to the sale of mortgaged property by the mortgagor on condition that the purchaser should pay the purchase money to him it was held that this would operate as an equitable assignment of the vendor's claim to the purchase money, even though the purchaser knew nothing of the conditional assent.'' In 11 C. J., p. 625, section 339, we find the following: ''When a mortgagee's consent to a sale by the mortgagor is given on condition, the condition must be performed in order to render the consent a waiver of the mortgage lien as between the parties, or as against a purchaser who was a party to the condition or had knowledge thereof, as where consent is given on condition that the proceeds of the sale be applied on the mortgage debt.''

Considering the record in its entirety, we are satisfied that the trial court was justified in its findings of fact and its conclusion of law upon those findings. The judgment is therefore affirmed in its entirety.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE HILLIARD concur.