No. 14,584.

Mosko, Individually and as Denver Motor Finance Company *v.* Union National Bank of Denver.
(111 P. [2d] 892)

Decided March 10, 1941.

Mr. L. E. F. Talkington, Mr. Edward J. Keating, for plaintiff in error.

Mr. William O. Perry, Mr. Lennart Erickson, for defendant in error.

*In Department.*

Mr. Justice Bakke delivered the opinion of the court.

Action in replevin for recovery of three automobiles —covered by two chattel mortgages which are not challenged as to validity—brought by defendant in error bank against plaintiff in error Mosko who sought to justify retention of possession under an unrecorded chattel mortgage from the bank's mortgagor, who had absconded after defrauding plaintiff in error of $400. Judgment was for plaintiff. Reference will be made to the parties as they appeared in the trial court.

The bank's mortgage, dated November 24, 1937, given by one Rosenbaum, covered twenty-one cars, including two of the three involved in this action. The third car was one that had been mortgaged to Rosenbaum by Joe Chacon. Rosenbaum sold his Chacon mortgage to the bank. Both mortgages were recorded. The car lot operated by Rosenbaum was directly across the street from that operated by defendant. After Rosenbaum disappeared, a number of the cars covered by the bank's mortgage were missing. Defendant took possession of the three here involved, later selling them, and the judgment below was for their reasonable value, which is not an issue here. The so-called pledge supposedly given on September 30, 1937, apparently was intended to cover all three of the cars here involved because defendant's counsel was prepared to make the same offer of proof as to all three. The only payment on the note

was an item of $325 received on sale of a 1937 Dodge truck covered by the mortgage. Defendant himself took the acknowledgment of Chacon's signature on the latter's mortgage. Plaintiff's agent testified that he saw two of the cars on the Rosenbaum lot the day after Rosenbaum left.

■ Reversal is sought on a writ of error predicated primarily on the court's refusal of a tendered offer of proof by defendant's counsel as follows: "Let the record show that the defendant offers to prove by the witness Mosko now on the stand that as to the 1934 Chevrolet, Motor No. 4141817, on the 30th day of September, A.D. 1937, which was prior to the date of the recording of the mortgage upon which the Union National Bank relies, that Rosenbaum delivered to the defendant, Mosko, the said automobile in pledge, together with two other automobiles which are not concerned in this action, and that at said time and place, in consideration of the pledge of said automobile and the delivery of possession thereof, Mosko advanced to said Rosenbaum certain funds; that continuously from the 30th day of September, 1937, to and including the date this suit was brought, on the 14th day of March, 1938, said automobile remained in the possession of the defendant, Mosko."

The court was clearly correct in rejecting this offer because it was immaterial, under the pleadings in the case, and Mosko had already testified, when called for cross-examination under the statute, that the cars had not been in his continuous possession, but that for a part of the time they had been in the possession of Rosenbaum. The only meritorious defense—aside from that of no damage, and payment, concerning which the defendant offered no evidence—was that of an alleged custom of the bank permitting sales of cars on the "floor plan" basis, and that the bank had given its consent; but testimony in the record on this point was that the bank had never given its consent to the sale of these cars, and we think as between these parties what may

have been done with other cars is wholly immaterial. The only evidence of the so-called pledge to which allusion was made in the offer of proof was the unrecorded chattel mortgage which defendant did not even offer in evidence. He admitted that it was a mortgage, and since it is not in the record, and there is no evidence to the contrary, we assume that it was.

■ As to the alleged waiver by the mortgagee of the consent to sell, there was no pleading on which to base such waiver, and the evidence was to the contrary. It is true that the automobiles were in defendant's possession after Rosenbaum had absconded, but they were removed from his (Rosenbaum's) lot without the bank's consent and the latter made demand for possession which formed the basis for this suit. *Arnold v. Bank,* 96 Colo. 104, 108, 39 P. (2d) 791.

■ The other point urged is that the court erred in refusing to allow cross-examination of the bank's agent as to certain figures on the back of the note, payment of which the mortgage was given to secure. When counsel was questioned as to the purpose of the cross-examining, he replied he wanted "to find out their method of operation." This was not proper cross-examination, and when the court gave same counsel an opportunity to make the witness his own for that purpose he declined to take advantage of it. There was no abuse of discretion in this procedure. The purpose of the cross-examination was not to impeach the witness, but the information sought was to be used as a basis of an attempted showing of payment, which was an affirmative defense. No testimony of payment was offered by defendant.

We find no reversible error in the record and accordingly the judgment is affirmed.

MR. CHIEF JUSTICE FRANCIS E. BOUCK and MR. JUSTICE BURKE concur.

MR. JUSTICE OTTO BOCK dissents.