### UNITED STATES v. BUTT.

No. 4568.

United States Court of Appeals
Tenth Circuit.

April 14, 1953.

644

Scott M. Matheson, U. S. Atty., H. D. Lowry, Asst. U. S. Atty., and Bryant H. Croft, Asst. U. S. Atty., Salt Lake City, Utah, for appellant.

. No brief for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and PICKETT, Circuit Judges.

PER CURIAM.

The United States, through the Commodity Credit Corporation, was the owner and holder of a promissory note secured by a mortgage on a quantity of wheat in the District of Utah. It brought this action against the defendant Butt, alleging that he had converted to his own use, and sold, a portion of the mortgaged wheat which resulted in a loss to the United States. There was attached to the complaint a copy of the note and mortgage, together with an assignment from the mortgagor which conveyed to the United States all the right, title and interest in the wheat converted by Butt, and any claim which the mortgagor might have for the conversion. The case was tried to the court without a jury. It found that Butt had wrongfully removed a portion of the mortgaged wheat and converted it to his own use, and rendered judgment in favor of the United States for the value of the converted wheat.

The defendant filed a motion for a new trial setting forth as grounds therefor that there was insufficient evidence to support the judgment, and that prejudicial error had been committed in the admission of evidence during the trial. Following the hearing on the motion for a new trial, the court entered an order setting aside the judgment and dismissing the action. This appeal is from that order.

The trial court was of the view that the action was based upon an assignment of an unassignable tort claim, upon which the United States could not sue. The United States may maintain this action for two reasons: 1. If it is considered an action on an assignment, a claim for the conversion of personal property ordinarily survives the death of the owner, is assignable, and the assignee may maintain an action upon the assignment. 4 Am.Jur., Assignments, Sec. 34; 6 C.J. S., Assignments, § 34; Tome v. Dubois, 6 Wall. 548, 73 U.S. 548, 18 L.Ed. 943; Cook v. Ball, 7 Cir., 144 F.2d 423, 439, certiorari denied 323 U.S. 761, 69 S.Ct. 93, 89 L.Ed. 609; United Verde Copper Co. v. Jordan, 9 Cir., 14 F.2d 299, certiorari denied 273 U.S. 734, 47 S.Ct. 243, 71 L.Ed. 865; Morrison v. Perry, 104 Utah 151, 140 P.2d 772, 782; Potomac Insurance Co. v. Nickson, 64 Utah 395, 231 P. 445, 42 A.L.R. 128; National Union Fire Insurance Co. v. Denver & Rio Grande R. R. Co., 44 Utah 26, 137 P. 653; Lawler v. Jennings, 18 Utah 35, 55 P. 60, 61.[1] 2. The United States is the owner of the mortgage in question. Generally, a mortgagee who has suffered a loss may maintain an action against a person who has wrongfully converted to his own use property included in the mortgage

1. In the Lawler Case, the Utah Supreme Court said:

"Under the statutes of Utah the assignee could bring this action in his own name. Rev.St. §§ 2903, 2920. As a general rule, all choses in action and all rights of action arising out of contract may be assigned. The general test applied in determining the assignability of a chose in action is whether or not it would survive and pass to the personal representative of a decedent. If it would so survive, it may be assigned so as to pass an interest to the assignee which he can enforce in his own name; if it does not so survive, it is not assignable either at law or in equity."

which has been duly filed for record. 10 Am.Jur., Chattel Mtges., Secs. 176, 178; Loudon v. Cooper, 3 Wash.2d 229, 100 P. 2d 42; Pacific Nat. Agricultural Credit Corp. v. Wilbur, 2 Cal.2d 576, 42 P.2d 314; Arnold v. First Nat. Bk. of Cripple Creek, Colo., 96 Colo. 104, 39 P.2d 791, 97 A.L.R. 643; Spokane Security Finance Co. v. Crowley Lumber Co., 150 Wash. 559, 274 P. 102; Deposit Guaranty State Bank v. Hessel Motor Car Co., 90 Cal.App. 428, 265 P. 954.

 The court expressed doubt that the United States could sue in Federal Court in a case of this kind. Jurisdiction is given by 28 U.S.C. § 1345. United States v. Sayward, 160 U.S. 493, 16 S.Ct. 371, 40 L.Ed. 508.

Judgment is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.