HARDWICKE-ETTER CO. et al. v. CITY OF DURANT et al.

No. 9530—Opinion Filed Feb. 10, 1920.

(Syllabus by the Court.)

1. **Action—Splitting Cause of Action—Judgment.**

The mere splitting of a cause of action does not render the judgments rendered thereon void and subject to collateral attack.

2. **Same—Consent—Waiver of Objection.**

A defendant may either expressly or impliedly consent to the institution of several actions on a single demand, and such consent will be presumed unless he pleads the former action in bar, or otherwise objects in the trial court.

3. **Appeal and Error—Failure to File Brief —Reversal.**

As the authorities cited seem to support the contention of counsel for plaintiff in error, there being no brief on behalf of the defendant in error, the judgment of the court below will be reversed and the cause remanded with directions to proceed in accordance with the views herein expressed.

Error from District Court, Bryan County; Geo. C. Crump, Assigned Judge.

Mandamus by Hardwicke-Etter Company and others against the City of Durant. Judgment against certain plaintiffs, and they bring error. Reversed and remanded.

Porter Newman and Utterback & MacDonald, for plaintiffs in error.

Hatchett & Ferguson, Hayes & McIntosh, and V. C. Phillips, for defendants in error.

KANE, J. This was an action commenced by several judgment creditors of the city of Durant for the purpose of securing the issuance of a writ of mandamus against the city officials directing them to pay off and satisfy each of the judgments described in

the petition, provision for the payment of such judgments having been previously made in the manner provided by law.

Upon trial to the court, part of the judgments involved were held to be valid and relief was granted as prayed for, and the balance were held to be invalid and relief was denied. The judgment debtors thus ruled against, being dissatisfied with the action of the trial court, commenced this proceeding in error for the purpose of having the same reviewed in the Supreme Court.

It seems that the judgments found to be invalid were secured before a justice of the peace, and that upon their face they appeared to be regular. The sole ground upon which relief was denied by the trial court was that the claims upon which these particular judgments were based, being in excess of the jurisdiction of the justice of the peace, were split into several claims, each within the jurisdiction of the justice of the peace court, and thus reduced to judgment. There was evidence outside of the record tending to show that this had been done. But counsel for plaintiff in error in their brief—there is no brief for the defendant in error—say that inasmuch as the judgments were regular on their face and the action of the plaintiffs in error was based on the allegation that they held valid and binding judgments against the city of Durant, and that the city council of said city, acting through its duly authorized officers, had caused the excise board of Bryan county, Oklahoma, to make a levy covering a period of three years for the purpose of paying off and satisfying in full all of these judgments, the trial court committed error in holding that the judgments rendered by the justice of the peace were void upon the ground mentioned. This contention appears to be well taken. The authorities cited seem to be uniformly to the effect that the mere splitting of a cause of action does not render the judgments rendered thereon void and subject to collateral attack.

In the case of Brice v. Star, 161 Pac. 347, the Supreme Court of the State of Washington held:

"A defendant against whom two actions arising from the same transaction were begun waives his right to object to splitting the cause of action by failure to demur or plead in the second action to the pendency of the first, or by failure to appeal from an adverse judgment in the second action."

In the case of Hall-Martin Co. v. Hughes, 123 Pac. 617, the Court of Appeals of California held:

"Where a party entitled to bring a single action to recover a specified sum brought

two actions therefor, and defendant made no objection thereto, and the judgments rendered in the two actions were correct in amount and within the limits of the liability of defendant, the judgments will not be disturbed."

The general rule seems to be that a defendant may either expressly or impliedly consent to the institution of several actions on a single demand, and such consent will be presumed unless he pleads the former action in bar, or otherwise objects in the trial court. Southern Pac. R. Co. v. United States, 186 Fed. 738; Claflin & Kimball v. Mather Elec. Co., 98 Fed. 699; Fox v. Althrop, 40 Ohio St. 322; McDonald v. Tison (Ga.) 20 S. E. 427; Grain v. Aldrich (Calif.) 99 Am. Dec. 423.

In the case of Louisville Bridge Company v. Louisville & Nashville R. Co., 75 S. W. 285, the Supreme Court of the state of Kentucky, in discussing this proposition, uses the following language:

"Two suits on the same contract were begun at nearly the same time in the same court, in both of which defendant appeared and filed demurrers, which were heard together; only one opinion being rendered in both cases. Defendant answered, and both cases proceeded for several years; defendant at no time making objections to the splitting of the cause of action. After judgment in one suit, and some five years after the suits were begun, defendant pleaded that judgment in bar in the other suit; claiming that the cause of action had been split. Held, that defendant had waived its right to object to the splitting of the cause of action."

As the authorities cited seem to support the contention of counsel for plaintiff in error, there being no brief on behalf of the defendant in error, the judgment of the court below will be reversed and the cause remanded, with directions to proceed in accordance with the views herein expressed.

OWEN, C. J., and PITCHFORD, JOHNSON, BAILEY, HIGGINS, and McNEILL, JJ., concur.