## EMANUEL GELBLUM et al. v. SYLVIA BLOOM

[No. 781, September Term, 1973.]

*Decided May 28, 1974.*

The cause was argued before MORTON and LOWE, JJ., and J. WILLIAM HINKEL, Associate Judge of the District Court of Maryland for District 8, specially assigned.

*Edward P. Murphy,* with whom were *Joseph B. Harlan* and *Swerdloff, Rabineau & Murphy* on the brief, for appellants.

*Stuart M. Salsbury,* with whom were *Max R. Israelson* and *Israelson, Pines & Jackson* on the brief, for appellee.

Lowe, J., delivered the opinion of the Court.

Sylvia Bloom, who is the Appellee here, owned an automobile which was involved in a collision while being driven by her husband Morton Bloom. Since this opinion makes reference to two law suits, we will distinguish between the Blooms by utilizing their praenomina.

Morton filed suit against Emanuel Gelblum, G. I. Veterans Taxicab Company, Inc. and Milton Wasserman in the Superior Court of Baltimore City, claiming in Count I personal injuries and property damage to the vehicle. Sylvia joined her husband in Count II of the Declaration claiming interference with their marital relationship. At the trial of that case, but before judgment or submission to the jury, Morton and Sylvia moved to dismiss Count II, and Morton moved to dismiss the property damage claim.[1] The motions to dismiss were granted by the court, after which Morton received a verdict in his favor in his bodily injury action.

Sylvia then filed suit in the District Court against the same defendants to recover for damage to her automobile. That suit was removed to the Superior Court of Baltimore City. Motions for summary judgment were filed by both appellants and appellee (Sylvia) following appellee's demand for admissions which went unanswered. Appellants' motion was denied and appellee's motion was granted. Upon the entry of final judgment in favor of Sylvia in the amount of $996.26, appellants question the propriety of the granting of the summary judgment by Judge Joseph Howard.

Appellants argue that because Sylvia was a party in the original suit against appellants here, " . . . the plaintiff's [Sylvia's] moment has passed; and the present suit is v[i]olative of the rule against splitting a cause of action." Appellants rely upon two cases, *Mildred Davis, Inc. v.*

---

1. A dismissal is without prejudice unless otherwise specified in the notice of dismissal, stipulation or order. Md. Rule 541 c. A suit may be abandoned in open court by the oral order of plaintiff or his attorney, and "it is thoroughly settled that he [plaintiff] is entirely at liberty to bring a new suit if he sees fit, which will be considered as a wholly new proceeding, without reference to the abandonment of the former action." 2 Poe, *Pleading and Practice*, § 234 (Tiffany ed.).

*Hopkins*, 224 Md. 626 and *Carlin v. Fischer*, 212 Md. 526. In *Carlin, supra,* at 532-533, the rule relied upon by appellants and its *raison d'etre* are succinctly articulated:

> "It is well established that a single cause of action or an entire claim cannot be split up or divided and separate suits maintained for the various parts thereof. A judgment or decree in a suit for a part only of a single cause of action or entire claim permits *res judicata* to be successfully relied on if the remainder is sued on later. The rule is intended to prevent multiplicity of litigation and to avoid the vexation, costs and expenses incident to more than one suit on the same cause of action. Its bases are the maxims 'that it is the interest of the State, there should be an end to litigation' and that 'no man should be twice sued for the same cause.' *Whitehurst v. Rogers*, 38 Md. 503, 513; 1 *C.J.S., Actions,* p. 1308; *Rosenstein v. Hynson,* 157 Md. 626."

We note, however, that *Carlin* involved a contract action for legal services and commissions brought by a single claimant. The court first decided that the alleged obligation was so indefinite that it was not binding and enforceable. To bolster its decision, the court noted that appellant there had sued for and recovered legal fees claimed from the same person for 1951, 1952 and 1953 and he could have at that time just as well sued for the fees now claimed from 1937 to 1950. His failure to do so was held to bar further recovery because " . . . even if the contract is divisible, all that is due under it, or by reason of its breach, at the time suit is brought, must then be sued for, or the right to so much as is due but not sued for will be lost." *Carlin, supra,* 533. This holding is a far cry from deciding that where two persons each have tort claims arising out of the same incident, one is banned from recovery through *res judicata* if the other chooses to sue first.

*Mildred Davis, Inc., supra,* is not apposite either and consequently of no help to us. There the plaintiff obtained

summary judgment as to part of its claim for goods sold with the remainder "to remain open until trial . . . ." Plaintiff then entered an order of dismissal of the entire case without prejudice and filed a second suit for the same articles. While characterizing the contention that either a party or his counsel can "dismiss" and so nullify a judgment of a court as "simply preposterous," the court ruled that the dismissal of the balance of the claim was permitted and effectual under Md. Rule 541. The court did not permit the second suit even as to the part of the claim not included in the summary judgment. Chief Judge Brune stated the court's reasoning:

> "The plaintiff did not merely start that suit and then dismiss it before any judgment had been rendered therein, and file a new suit. On the contrary, the plaintiff had carried the first suit through to judgment as to a part of her claim, then dismissed it and several weeks later started its new suit against the original defendant and her husband. Because of the plaintiff's having obtained the judgment, the rule of *Hamlin Machine Co. v. Holtite Mfg. Co.*, 197 Md. 148, 78 A. 2d 450, and similar cases, relating to election of remedies where no judgment has been obtained, does not apply." *Mildred Davis, Inc. v. Hopkins, supra*, 631.

The *Hamlin v. Holtite* test, upon which the *Mildred Davis* case was decided, turns on the rendition of a final judgment or decree in favor of the plaintiff. Here, however, there was no final judgment. Sylvia did not institute the property damage suit although she was the sole owner of the automobile damaged in the collision. She did not join in the property damage claim included by her husband in his bodily injury action which claim *he* voluntarily dismissed. Her participation in the first suit was solely as a part of the marital entity and was limited to a claim for interference with the marital relationship. Even this limited participation was dismissed before any judgment had been rendered.

Since 1967 wives have been permitted to recover for loss of consortium. However, suits for that purpose *require* joint action, on the theory that the interest affected is a joint one. *Deems v. Western Maryland Ry.*, 247 Md. 95, 109. *Deems, supra,* also requires that the joint action for loss of consortium be tried at the same time as the personal injury action. This rule was intended to lessen the double recovery problem inherent in separate actions for personal injuries and loss of consortium. See 27 Md. L. Rev. 403, 414. No such danger is apparent in actions for property damage and personal injury arising out of the same incident.

To the contrary, Md. Code, Art. 48A, § 384B seems to contemplate that the two injuries give rise to separate causes of action since it denies the right to withhold settlement of a property damage claim pending the conclusion of a personal injury suit arising out of the same incident.

After the dismissals prior to judgment, neither Sylvia nor the property damage to her vehicle, was before the court. The subsequent judgment upon Morton's bodily injury claim could not preclude Sylvia from recovery for her damages as the owner of the vehicle, despite her marital status. Neither Sylvia nor her damaged automobile has had a day in court, and to permit her claim to be adjudicated does no violence to the *Carlin* rule which proscribes the splitting of "a single cause of action." The *sine qua non* of the general rule as described in *Carlin, supra,* is to " . . . prevent multiplicity of litigation and to avoid the vexation, costs and expenses incident to more than one suit on the same cause of action." Its purpose was not to prevent a party, who has had no portion of her claim adjudicated, from having her cause determined. The " . . . vexations, costs and expenses incident to more than one suit . . ." were avoided by Sylvia's propitious use of collateral estoppel which is the basis of Appellants' final objection.

Sylvia could and did properly avail herself of the doctrine of collateral estoppel. The issue of Appellants' negligence was litigated in the previous suit in which final judgment was entered. This was "deemed admitted" by Appellants'

failure to deny or explain by "sworn statement" Sylvia's Request for Admission of Facts and of Genuineness of Documents under Md. Rule 421.[2] Appellants had full opportunity to litigate the question of liability and actually did so. See *Pat Perusse Realty Co. v. Lingo*, 249 Md. 33, 43-45, citing *State of Maryland v. Capital Airlines, Inc.*, 267 F. Supp. 298. In *Capital Airlines, supra*, the court granted a motion for summary judgment even though the plaintiff had not been a party to the prior suits. The court found there, as we do here, no compelling reason why the issue of negligence should be relitigated.

The answers to the two questions asked by Appellants are both in the negative:

"1. Did the Trial Court commit error in granting the Motion for Summary Judgment in favor of the Plaintiff?

2. Did the Trial Court commit error in failing to grant the Motion for Summary Judgment in favor of the Defendants? "

*Judgment affirmed.*
*Costs to be paid by appellants.*

---

**2.** The amount of damages was also determined by Appellants' failure to respond to Appellee's requests for admissions.