HAMLIN MACHINE CO. *v.* HOLTITE MFG. CO., INC.

[No. 76, October Term, 1950.]

*Decided February 7, 1951.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, and HENDERSON, JJ.

*Norman C. Melvin, Jr.,* and *Joseph T. Brennan, 2nd,* for appellant.

*Donald N. Rothman,* with whom was *Simon E. Sobeloff,* on the brief for appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal by Hamlin Machine Company, hereinafter referred to as appellant, from a judgment ren-

dered by the trial judge, sitting without a jury, in favor of Holtite Manufacturing Company, Inc., hereinafter referred to as appellee, in the amount of $1,000 and costs on the counterclaim of the appellee filed to appellant's declaration.

During the early part of August, 1948, the general manager of appellant received a long distance telephone call from the general manager of appellee inquiring whether he had a "57" Belt Knife Splitter" for sale to use to cut cork and rubber. He was told that the appellant had one for sale for $4,500. Appellee was told that the machine would need certain alterations. After subsequent telephone conversations, a purchase order dated August 16, 1948, was sent to the appellant for a "57" Belt Knife Splitting Machine for Splitting Cork and Rubber up to 4" thick". With the order was sent a check for $1,000 as a down payment. On the invoice the same words appeared, describing the machine, as on the order. After the receipt of the purchase order, the appellant made certain alterations to the machine and shipped it to appellee on September 10, 1948. The appellant received a telephone call from the appellee on September 29, 1948, complaining that the machine was not operating properly. Certain suggestions were offered. Appellant offered to take the machine back and return the $1,000 at that time, as there were other customers anxious to purchase that machine. The appellee, however, desired to try to remedy the defect and asked the general manager of appellant to send some of his mechanics to Baltimore, or to come himself, which he refused to do. As a result of further conversations, the appellant authorized the appellee to expend up to $200 in an effort to get the machine to operate properly. Nothing further was heard until October 14 or 15, 1948, when the appellee advised the appellant that he could not alter the machine to operate properly and asked the appellant to accept its return. This the appellant refused to do, stating that he had previously offered to take the machine back. Appellant then demanded the balance of

the purchase money. This was not paid and on January 5, 1949, the appellant filed suit for the balance of the purchase money due on the machine and certain spare parts sold to the appellee. To the declaration the appellee filed a counterclaim in which it affirmed the sale and prayed the sum of $15,227.32 as damages sustained by it resulting from the breach of warranty of the machine. Rules of Practice and Procedure of The Court of Appeals of Maryland, pt. 2, subd. III, Rule 3.

The case went to trial before the trial judge. The case was argued on both sides. The court indicated that it thought the contract should be rescinded. The defendant, appellee, over objection of the appellant, was permitted by the trial judge to amend its counterclaim by adding a count for rescission and the return of the $1,000 paid on account of the purchase price and other damages directly flowing therefrom. To this additional count, the appellant filed the general issue plea short. The trial judge asked the appellant whether it desired the case continued. To this question, appellant replied: "No, sir, I would like the case finished today." The court then denied the motion of the appellee to dismiss appellant's claim. The appellant, although contending that the amendment should not have been permitted, in its brief states: "When the appellee filed its counterclaim for $15,227.32, it elected to affirm the sale and proceeded under Section 69(1) (b) of the Act [Maryland Code Article 83, Section 87(1) (b)]. * * * When the appellee amended the counterclaim he was then proceeding under Section 69(1) (d) of the Act [Maryland Code, Article 83, Section 87(1) (d)] which allows a buyer to rescind the sale * * *". In its reply brief the appellant also stated that the action was brought under Section 69(1) d. The additional count was therefore treated as the amended counterclaim. The trial judge then granted a rescission of the contract and entered a judgment in favor of the appellee for $1,000 on its counterclaim, the appellee to hold the machine as bailee for the appellant, subject to a lien for the said amount of $1,000. From

that judgment appellant appeals. The appellee also filed a cross appeal.

The appellant claims that the trial judge "did not have the authority to allow the appellee to amend its counterclaim to include a count for rescission of the sale after the appellee, with knowledge of all the facts, had elected to affirm the sale and bring an action for damages arising from an alleged breach of warranty, had proceeded to trial on such theory, and after all testimony had been taken and closing arguments completed by counsel for both parties."

There does not seem to be much dispute in this case that there was a breach of warranty in the sale of this machine, and we so find. Under the provisions of Code, 1939, Article 83, Section 87, where there is a breach of warranty by the seller, the buyer at his election has four alternative remedies. He may

"(a) Accept or keep the goods and set up against the seller the breach of warranty by way of recoupment in diminuition or extinction of the price;

"(b) Accept or keep the goods and maintain an action against the seller for damages for the breach of warranty;

"(c) Refuse to accept the goods, if the property therein has not passed, and maintain an action against the seller for damages for the breach of warranty;

"(d) Rescind the contract to sell or the sale and refuse to receive the goods; or, if the goods have already been received, return them or offer to return them to the seller and recover the price, or any part thereof, which has been paid.

"(2) When the buyer has claimed and been granted a remedy in any one of these ways, no other remedy can thereafter be granted."

Appellant claims that under the provisions of Code, 1939, Article 75, Section 39, the trial court was not authorized to allow an amendment to the appellee's counterclaim based upon an entirely different cause of action than that upon which the trial had proceeded. Ap-

pellant claims that the amendment to the counterclaim here was a change from one cause of action to another. Whether the appellee in this case could have changed its counterclaim from one cause of action to an entirely different cause of action, it is not necessary that we decide. The appellant has evidently confused the clear distinction between cause of action and remedy. The damages sought by appellee's first counterclaim and the rescission sought by the amended counterclaim are both alternative remedies based on the same cause of action, namely, the breach of warranty in the sale. Article 83, Section 87, *supra.* Here, the cause of action is the breach of warranty. *Black's Law Dictionary,* 3rd Edition, 1944, defines Cause of Action as: "Matter for which an action may be brought. The ground on which an action may be sustained. A fact, or a state of facts, to which the law, or principle of law, sought to be enforced against a person or thing, applies. * * * An averment of facts sufficient to justify a court in rendering judgment. * * * The cause of action is distinct from the 'remedy', which is simply the means by which the cause of action is satisfied." See also 6 *Words & Phrases,* Causes of Action, Remedy distinguished, (Perm. Ed. 1940) page 372, where it is said: "A cause of action as distinguished from remedy is the right to bring an action, and implies that there is some person in existence who can assert and also a person who can lawfully be sued." See also *Hamlin v. Johns,* 1930, 41 Ga. App. 91, 151 S. E. 815. *Fuller v. Fried,* 1928, 57 N. D. 824, 224 N. W. 668. In this State it appears that from the action of the lower court in granting an amendment within its power, or in refusing to grant it, no appeal will lie. Such action appears to be within the discretion of the court and not subject to review. *Lichtenberg v. Joyce,* 183 Md. 689, 697, 39 A. 2d 789.

The appellant, to sustain its contention that the filing of the original counterclaim constitutes an election such as to bar the remedy of rescission, relies strongly on the case of *Johnson v. International Harvester Co.,* 1933,

237 App. Div. 778, 263 N. Y. S. 262. In that case, brought under the Uniform Sales Act, it was held that when in the original complaint the plaintiff alleged his rescission of the contract, and accordingly took the position that the contract between the parties was at an end, he pleaded a good cause of action for rescission both in equity and under the statute. In the amended complaint, the plaintiff alleged the contract between the parties, his performance, the breach of the defendant and claimed damages. The Court there held, that in his original complaint, he made an election of his remedies and he was bound thereby. However, in the later case of *Hill v. McKinley*, 1938, 254 App. Div. 283, 4 N. Y. S. 2d. 656, 659, that Court said: "Under the law of this state, a party claiming to be defrauded, who seeks relief by means of rescission of a contract, is not bound thereby and is not barred from subsequently waiving rescission and suing upon the contract where, as in the present case, the defendant does not acquiesce in the rescission or where the action based upon the rescission has not resulted in a final judgment on the merits. * * *. 'The mere bringing of an action which has been dismissed before judgment and in which no element of estoppel in *pais* has arisen, that is, where no advantage has been gained or no detriment has been occasioned, is not an election.' " The New York statute was amended in 1948 and it was held in *Victor v. De Maziroff*, 275 App. Div. 69, 87 N. Y. S. 2d 543 that under the amended act it was not necessary to elect one of the several remedies provided. The case of *Cook v. Covey-Ballard Motor Co.*, 69 Utah 161, 253 P. 196, 199, is also strongly relied on by appellant and seems to more or less sustain appellant's contention. In that case the buyer sued to recover possession of an automobile and damages, under a sales contract, and recovered a judgment under that remedy. A new trial was granted and the court there held that he could not then repudiate the contract and recover the car he had turned in in exchange, or its value, on theory of wrongful detention, as the first course

pursued was an election to treat the contract as valid, thereby precluding plaintiff from thereafter rescinding or repudiating. Other out of state cases, cited by appellant, do not seem to hold that the mere institution of a suit constitutes an election between inconsistent remedies under the Uniform Sales Act.

In *Cole v. Hines,* 81 Md. 476, 32 A. 196, 32 L. R. A. 455, relied on by the appellant, the seller accepted an installment of the purchase money after default and it was held that such acceptance after default was a recognition that the contract was still subsisting and was a waiver of forfeiture and the seller having so elected had abandoned his right to rescind. In the case before this Court we do not find that there was any affirmative act on the part of the purchaser waiving rescission of the agreement. In *Sullivan v. Boswell,* 122 Md. 539, 89 A. 940, the plaintiffs brought suit upon a contract for $2,971.50 for the sale and delivery of coal. By leave of Court, they amended the declaration by an additional count by which they sought to recover $2,422.20, which had been agreed upon in settlement and compromise of the suit. On demurrer it was held that the plaintiffs could not take inconsistent positions in the same suit and they were bound by their first election. That case involved a change of the cause of action, not the election of remedies as here.

In *Impervious Products Co. v. Gray,* 127 Md. 64, 96 A. 1, strongly relied on by the appellant, the appellant instituted suit against Gray for $345.60 purchase money due for a binder furnished for a road. To the suit Gray filed the general issue plea and a plea in set-off in the amount of $600. The case went to trial and resulted in a verdict for Gray, the defendant. Gray later sued Impervious Products Company for damages in the amount of $334.20, and in that suit the bill of particulars was identical with that filed with his plea for set-off in the previous suit, except that the labor was charged at five cents more an hour than in the first suit. This Court there held that the verdict and judgment in the

former suit was a bar against the right to recover in the later case. The Court said in that case, 127 Md. at page 69, 96 A. at page 3: "In the brief of the appellant considerable space was devoted to showing that this case fell within the provisions of the Uniform Sales Act (section 90 of article 83 of the Code). It is undoubtedly true, as contended by the appellant, that if the letter of the Impervious Products Company of September, 1911, constituted a warranty of the goods sold, and there was any breach of that warranty, then the buyer had four distinct courses open to him, as set out in the Act; but that after having resorted to and adopted one of these courses no other remedy could thereafter be granted to him. Undoubtedly by giving evidence in the way of recoupment in the first suit, the present appellee made his election, and, having so elected, was appellee made his election, and, having so elected, was bound by it, and could thereafter have no other or further remedy. But upon either ground, that of election of a defense under the Uniform Sales Act or that of *res adjudicata,* the result is the same, and the judgment below must be reversed." In the case now before this Court, the counterclaim was amended before the judgment and no other remedy was granted.

In *Russo v. Hochschild Kohn & Co.,* 184 Md. 462, 41 A. 2d 600, 157 A. L. R. 1070, the purchaser bought a hair lacquer pad and alleged special damages directly resulting from a breach of warranty of fitness under the Uniform Sales Act. At the request of the seller, she returned the unused pads and accepted a credit of the purchase price. When she sued for special damages, the seller claimed that when she returned the pads and accepted credit for the purchase price, she elected to rescind the contract and waived damages for the injuries alleged in the declaration. It was also claimed that Section 88 of the Uniform Sales Act, which provided that: "Nothing in this sub-title shall affect the right of the buyer * * * to recover * * * special damages in any case where by law * * * special damages may be recoverable,"

did not in any way affect the defense of election of remedy. This Court held that by rescinding the contract and receiving the ordinary damages she was not barred from recovery of the special damages directly resulting from the breach of warranty.

Code, Article 82, Section 87(2) *supra*, limits the buyer to one *claimed and granted* remedy. The remedy is not granted until final judgment. Here there was only one granted remedy, the rescission of the contract and judgment for the amount paid on the purchase price. In the case of *Johnson v. R. S. Const. Co.*, D. C. Md. 1948, 80 F. Supp. 749, Judge Chesnut pointed out that under the more modern authorities it was very doubtful that the mere filing of an ejectment suit was an irrevocable and conclusive election where it was voluntarily dismissed without trial and without prejudice of any kind to the vendees. Also that the doctrine of election of remedies is an equitable one and cannot be properly used as an instrument of oppression. In many states it has been held that the commencement of an action, dismissed before final judgment does not constitute an election of remedy. *Smith v. Bricker*, 86 Iowa 285, 53 N. W. 250; *Tracy v. Aldrich*, Mo. Sup., 236 S. W. 347; *Brayton v. Gunby*, Mo. App., 267 S. W. 450; *Joseph Goldberger Iron Co. v. Cincinnati Iron and Steel Co.*, 153 Ky. 20, 154 S. W. 374. In *Mulcahy v. Dieudonne*, 103 Minn. 352, 115 N. W. 636, a machine was sold under a warranty. The purchaser attempted to return the machine and the seller refused to accept it. Purchaser began an action for damages which was dismissed. Thereafter, he brought another action to recover the amount paid for the machine. The Court there held that the first action was not a bar to the second because no advantage had been secured by the first action and the adverse party had not been prejudiced thereby. In *Bolton Mines Co. v. Stokes*, 82 Md. 50, 33 A. 491, 31 L. R. A. 789, the appellant sold a quantity of fertilizer, receiving in return the purchaser's note. Before the maturity of the note, the purchaser gave a deed of

trust for the benefit of its creditors. The appellant then sued out a writ of replevin and took possession of the fertilizer. Later it discontinued or dismissed the replevin suit without trial and filed the purchaser's note in the trust estate. The trustees objected to the payment of the note because the appellant, having replevied the fertilizer, had disaffirmed the sale and could not later reaffirm the sale and claim payment of the note. This Court, in an opinion by Judge McSherry, held that the mere institution of the suit which was abandoned before a final judgment had been reached, did not operate to estop the prosecution of a subsequent suit between the same parties and founded on the same cause of action, but that the selection by the plaintiff of one of two remedies, open to him, and a *decision* thereon by a competent tribunal would preclude a resort to the other inconsistent remedy. This case decides that as a general proposition in this State an irrevocable election has not been made until final judgment. See also *Perdue v. Brittingham*, 186 Md. 393, 401, 47 A. 2d 491.

The appellant finally claims: "Even if the appellee was not precluded from amending its counterclaim to include a count for rescission by virtue of filing its counterclaim in which it elected to affirm the contract and sue for damages arising from the alleged breach of warranty, nevertheless by going to trial on that theory and by causing a material change in position by the appellant in reliance on such election, the appellee was precluded thereafter from amending the counterclaim for rescission." In other words, the appellant relies on the principle of "estoppel in pais". Of course, equitable estoppel operates to prevent a party from asserting his rights under a general technical rule of law, when he has so conducted himself that it would be contrary to equity and good conscience to do so. *Parks & Hull Appliance Corp. v. Reimsnyder*, 177 Md. 280, 9 A. 2d 648; *West Virginia Paper Co. v. Morton*, 185 Md. 623, 629, 45 A. 2d 725. Whether or not the doctrine applies depends upon the facts and circumstances of a particular case.

*Wright v. Wagner,* 182 Md. 483, 492, 34 A. 2d 441. For this principle to be applied the party seeking its application must show that the other party, by his voluntary conduct, has acquired some corresponding right, of property, or of contract, or of remedy, and he on the other hand has been led to change his position for the worse relying on that conduct.

It is said in *Restatement of Contracts,* relied on by the appellants:

"Election of Remedies-Section 381—Election Between Damages and Restitution.

"(1) When the alternative remedies of damages and restitution are available to a party injured by a breach, his manifested choice of one of them by bringing suit or otherwise, followed by a material change of position by the other party in reliance thereon, is a bar to the other alternative remedy.

"(2) The bringing of an action for one of these remedies is a bar to the alternative one unless the plaintiff shows reasonable ground for making the change of remedy."

Comment "(b) A mere manifestation of intention to pursue one remedy rather than the other is not an irrevocable election; but it becomes such as soon as the other party has materially changed his position in reasonable reliance thereon. The bringing of a suit for one remedy is a manifestation of choice of that remedy; but it does not preclude the plaintiff from seeking the other remedy instead, if he has a reasonable ground for so doing, so long as the defendant has not so altered his position as to make it unjust to permit the change. Alternative counts in one complaint are not improper; and a change of remedy may often be made by amendment of the complaint, even at an advanced stage of the action."

The appellant here claims that in the year following the filing of the counterclaim, it was engaged in an effort to minimize the very substantial claim for damages and that most of appellee's testimony was directed to

the question of damages. For two days during the trial, the appellee sought to prove it was damaged and being unsuccessful, amended its counterclaim requesting rescission of the sale and thereby appellant was damaged. On the other hand, we find that no additional evidence was offered by the appellee after it amended its counterclaim. The trial judge, as hereinbefore stated, asked the appellant if it desired the case continued, which of course, would have given the appellant an opportunity to offer additional evidence to rebut the amendment. Appellant replied: "No, sir, I would like the case finished today." The trial judge also gave the appellant an opportunity to amend its declaration, if it so desired. This opportunity was refused. The trial judge evidently concluded that justice demanded that the appellee be given an opportunity to make the amendment. We cannot say that he abused his discretion. The judgment will be affirmed. Having reached this conclusion, it is not necessary that we pass upon appellee's cross appeal.

*Judgment affirmed, with costs.*