502 A.2d 1051

**Shirley C. DILL et vir**

v.

**William Duane AVERY.**

**No. 1 (Adv.), Sept. Term, 1985.**

Court of Appeals of Maryland.

Jan. 13, 1986.

Paul D. Bekman (Israelson, Jackson & Salsbury, on brief), Baltimore, for appellant.

John F.X. Costello (O'Malley, Miles, McCarthy & Harrell, on brief), Upper Marlboro, for appellee.

Argued before MURPHY, C.J., SMITH, ELDRIDGE, COLE, RODOWSKY and McAULIFFE, JJ., and W. ALBERT MENCHINE, Associate Judge of the Court of Special Appeals (retired), Specially Assigned.

W. ALBERT MENCHINE, Judge, Specially Assigned.

Shirley C. Dill (Shirley) and Ronald K. Dill (Ronald), husband and wife, on February 24, 1982, filed an Amended Declaration in the Circuit Court for Anne Arundel County in Count I of which Shirley claimed damages for personal injuries and in Count II of which Shirley and Ronald claimed damages for loss of consortium against William Duane Avery (Avery), alleging that negligence of the latter caused a collision of automobiles operated by Shirley and Avery on December 6, 1979.

Avery filed a special plea "[t]hat the instant action is barred by the doctrine of *res judicata* /collateral estoppel/splitting a cause of action."

## THE PRIOR PROCEEDINGS

Shirley and Ronald previously jointly had filed an action in the District Court of Maryland for Anne Arundel County

for property damage to their automobile resulting from the same collision.

In the prior case judgment was entered in favor of the Plaintiffs on December 2, 1980 for $1,401.54—a figure that did not include damages for loss of use of the vehicle. On appeal to the Circuit Court for Anne Arundel County, it was held that the lower court erred in its denial of damages for loss of use of the vehicle and the case was remanded to the District Court for determination of the amount of such loss.

On June 16, 1981, a second judgment, in the amount of $1,449.00 was entered in the District Court for loss of use of the vehicle. Avery appealed. The judgment of the lower court was affirmed. Both judgments were satisfied by Avery.

It is conceded that the damage to the automobile and the concomitant damage for its loss of use, the personal injury of Shirley, and the loss of consortium of Shirley and Ronald all were caused by the collision of December 6, 1979.

The record shows that Shirley and Ronald jointly had filed a claim for property damage against Avery in the District Court of Maryland for Anne Arundel County and continued as parties to that action throughout its course to the two final judgments heretofore stated.

### THE DECISION BELOW

The cause was submitted to the court without a jury upon an agreed statement of facts. The trial judge held that the doctrine of *res judicata* barred both the claim of Shirley for personal injury and the joint claim of Shirley and Ronald for loss of consortium. Both counts of the declaration were dismissed. Shirley and Ronald filed an appeal to the Court of Special Appeals. We granted certiorari prior to decision by that court.

### THE ISSUES ON APPEAL

Avery contends that the prosecution to final judgment of the property damage claims bars the subsequent claims for personal injury and for loss of consortium.

Shirley and Ronald contend (1) that the claims for personal injury and for loss of consortium are separate and distinct causes of action wholly unaffected by the District Court judgments and, alternatively, (2) that the provisions of Maryland Code Article 48A, Section 384B (1957, 1979 Repl.Vol.) authorize the splitting of property damage claims from other damage claims arising under motor torts without *res judicata* effect upon the latter.

## RES JUDICATA

■ The general rule respecting the effect of splitting a cause of action is thus stated in 46 Am.Jur.2d, *Judgments*, Section 405 (1969):

"The law does not permit the owner of a single or entire cause of action, or an entire or indivisible demand, to divide or split that cause or demand so as to make it the subject of several actions, without the consent of the person against whom the cause or demand exists. A similar result is reached under res judicata principles precluding relitigation of the same cause of action between the same parties or their privies, where that doctrine is applied to a plaintiff who is successful in the first action. This doctrine prevails although all of the relief to which the plaintiff is entitled is neither requested nor granted in such action, and the former recovery in fact represents only a part of the damages he suffered; it is the general rule that if an action is brought for a part of a claim, a judgment obtained in the action precludes the plaintiff from bringing a second action for the residue of the claim." (footnotes omitted).

Restatement, Second, of Judgments, Sections 24 and 25, thus state the general principle:

**"Section 24. Dimensions of 'Claim' for Purposes of Merger or Bar—General Rule Concerning 'Splitting'**

(1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of

merger or bar (see sections 18, 19),[1] the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

**Section 25. Exemplifications of General Rule Concerning Splitting**

The rule of section 24 applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action

(1) To present evidence or grounds or theories of the case not presented in the first action, or

(2) To seek remedies or forms of relief not demanded in the first action."

The precise issue—whether a claim for property damage and a claim for personal injury arising from a single wrongful or negligent act constitute a single cause of action within the rule stated, *supra,* is the subject of an extensive annotation at 62 A.L.R.2d 977 (1950), in the course of which it is said in section 3:

"In a substantial majority of jurisdictions, a single act causing simultaneous injury to the physical person and property of one individual is held to give rise to only one cause of action, and not to separate causes based, on the one hand, on the personal injury, and on the other, the property loss." (*See* cases cited thereafter).

---

1. Sections 18 and 19 read as follows:
"**Section 18. Judgment for Plaintiff—The General Rule of Merger**
When a valid and final personal judgment is rendered in favor of the plaintiff:
   (1) The plaintiff cannot thereafter maintain an action on the original claim or any part thereof, although he may be able to maintain an action upon the judgment; and
   (2) In an action upon the judgment, the defendant cannot avail himself of defenses he might have interposed, or did interpose, in the first action.
**Section 19. Judgment for Defendant—The General Rule of Bar**
A valid and final personal judgment rendered in favor of the defendant bars another action by the plaintiff on the same claim."

In 24 A.L.R. 4th 646 (1983), a second and equally extensive annotation upon that issue cited cases in a great many jurisdictions in the course of which it was said in section 3(a) that the cases "generally support the broad proposition that a single act which causes simultaneous injury to the physical person and property of one individual gives rise to only one cause of action."

That Maryland is in accord with this rule of law is beyond question. In *B. & O. R.R. Co. v. Ritchie,* 31 Md. 191, 198 (1869), wherein claims for property damage and personal injury were encompassed within a single count, it was said: "It is true that not more than one distinct cause of action can be pleaded in the same count, yet where different and separate injuries have resulted from the same act or cause, the injuries or damages may be united and counted upon in the same count."

In *State v. Brown,* 64 Md. 199, 204, 1 A. 54, 56 (1885), it was said:

"[T]he Supreme Court of the United States, speaking of the principle of *res judicata* say: 'It extends not only to the questions of fact and of law, which were decided in the former suit, but also to the grounds of recovery or defense which might have been but were not presented.' *Beloit v. Morgan,* 7 Wall. [613] 622 [19 L.Ed. 203]. And in the same case, the Court quotes with approbation the striking language of the Vice-Chancellor in *Henderson v. Henderson,* 3 Hare, 115 as follows: 'In trying this question, I believe I state the rule of the Court correctly that where a given matter becomes the subject of litigation in, and of adjudication by, a Court of competent jurisdiction, the Court requires the parties to bring forward their whole case, and will not, except under special circumstances permit the same parties to open the same subject of litigation in respect of a matter which might have been brought forward as a part of the subject in contest, but which was not brought forward only because they have from negligence, inadvertence, or even accident, omitted a part of their case. The plea of *res judicata* applies,

except in special cases, not only to the points upon which the Court was required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence might have brought forward at the time.' "

In *Vane v. C. Hoffberger Company*, 196 Md. 450, 77 A.2d 152 (1950), James H. Vane and Margaret Vane, the owners of real property, suffered fire damage to their building and to its contents. Separate insurers protected against the differing kinds of damage and separately paid $75.00 for contents damage and $598.65 for damage to the building. Each secured an assignment from the Vanes of all their right, title and interest in each claim. The insurer of the contents brought suit in the name of its insured in the People's Court of Baltimore City against the C. Hoffberger Company alleging that the negligence of its employees caused the fire and the ensuing damage. The insurer of the building, without knowledge that an action had been filed in the People's Court, filed a later action in the Baltimore City Court in its name and in the name of the Vanes against the C. Hoffberger Company to recover the $598.65 paid by the insurer to its insured. *Id.* at 453, 77 A.2d at 153.

After the filing of the second action in the Baltimore City Court, the People's Court action resulted in an unappealed judgment in favor of the plaintiff for $75.00 for the damage to contents. *Res judicata* was pleaded by Hoffberger in the second case. After a verdict for $598.65 in favor of the plaintiff had been rendered in the second case, the trial court granted a judgment N.O.V. in favor of the defendant. Affirming the judgment below we said: [quoting from *Aetna Insurance Company v. Hannibal and St. J. Railway Company*, 1 F. Cas. 207 (C.C.E.D.Mo.1874) (No. 96) ]

" 'The wrong was single and indivisible and gives rise to one liability.' * * * Even though several pieces of property, belonging to the same person were damaged by a single wrongful act, only one cause of action arises, and the damage to all of the property insured

*must be recovered in but one action.* See 2 Freeman On Judgments, Sections 610 and 612, pages 1281 and 1283. *Beronio v. Southern Pacific Railway Co.,* 86 Cal. 415, 24 P. 1093. *This principle is not affected by the fact that one action is brought in an inferior tribunal." Id.,* 196 Md., at 456, 77 A.2d at 154–55. (emphasis added).

The late Judge Prescott, speaking for this Court in *Fid.-Balto. Bank v. John Hancock,* 217 Md. 367, 371–72, 142 A.2d 796, 798 (1958), succinctly stated the rule: "It is the well-established law of this state that litigants cannot try their cases piecemeal."

In *Ugast v. LaFontaine,* 189 Md. 227, 232, 55 A.2d 705, 707–08 (1947), we said:

"It is recognized that a right or material fact, which was in issue in a former action, and was there judicially determined, is conclusively settled by a judgment rendered therein, and such right or fact becomes *res judicata* and may not again be litigated in a subsequent action between the same parties or their privies, regardless of whether the second action is upon the same or a different claim or demand as the earlier action. *Harryman v. Roberts,* 52 Md. 64, 77; *Southern Pacific R. Co. v. United States,* 168 U.S. 1, 18 S.Ct. 18, 27, 42 L.Ed. 355; *Fayerweather v. Ritch,* 195 U.S. 276, 25 S.Ct. 58, 65, 49 L.Ed. 193. As Justice Roberts held in *Tait v. Western Maryland Ry. Co.,* 289 U.S. 620, 53 S.Ct. 706, 77 L.Ed. 1405, *a judgment on the merits is an absolute bar to a subsequent action between the same parties on the same claim or demand, and is also a bar to an action on a different claim or demand, if the same question is presented.*

"The only remaining question is whether there is an identity of parties. It is well established that a judgment may not be pleaded as *res judicata* by strangers to the action in which it was rendered, but it may be pleaded only by the parties to the action and their privies. Generally, the parties to a suit are those persons who are entered as parties of record. But for the purpose of the

application of the rule of *res judicata*, the term 'parties' includes all persons who have a direct interest in the subject matter of the suit, and have a right to control the proceedings, make defense, examine the witnesses, and appeal if an appeal lies." (Emphasis added.)

*See also* 1 Poe's Pleading and Practice, Section 655 at 681 (5th ed. 1925) ("[I]t must appear that the judgment [offered as *res judicata*] was rendered by a court of competent jurisdiction, upon the same cause of action, and between the same parties, or those in privity with them, and also upon the merits.").

Appellants' reliance upon *Gelblum v. Bloom*, 21 Md.App. 406, 319 A.2d 546 (1974) is misplaced. In that case a wife brought suit for property damages caused by an automobile accident. Her husband in a previous lawsuit arising out of the same accident had recovered a judgment for damages for his personal injuries. Both husband and wife had been parties to another count of this previous suit but the wife's claim for damages for personal injuries and the joint claim for loss of consortium were dismissed prior to entry of the husband's judgment. The Court of Special Appeals correctly decided that the judgment in favor of the husband in a case to which the wife was not a party at the time of its entry did not operate as *res judicata* under the rule proscribing splitting of a cause of action. *Id.* at 410–11, 23 A.2d at 548–49.

In *Bolton Mines Co. v. Stokes*, 82 Md. 50, 59, 33 A. 491, 493 (1895), it was said:

"[A] judgment in one suit will be conclusive in every other where the cause of action is substantially identical, notwithstanding a change in the form in which the action is brought. But for this defense to be availing there must have been a *judgment;* for a discontinuance of the suit before judgment will create no such estoppel."

*See also Hamlin Mach. Co. v. Holtite Mfg. Co.*, 197 Md. 148, 158, 78 A.2d 450, 454–55 (1951).

In the instant case, both Shirley and Ronald were parties plaintiff in the proceedings from the date of institution of the property damage action in the District Court to the date of entry of the second of two separate final judgments entered in that court. Thus, both had "a right to control the proceedings." *Ugast,* 189 Md. at 232, 55 A.2d at 708. Two appeals were heard and decided before the second of those final judgments was entered in the District Court after remand from the Circuit Court in the second appeal.

In sum, both Shirley and Ronald were parties to the proceedings in the District Court from inception to conclusion. No jurisdictional barrier existed in that court preventing them from the prosecution of all claims that either or both had arising out of the collision. The doctrine of *res judicata* bars prosecution of the subject action unless the provisions of Maryland Code Article 48A, Section 384B alters the doctrine under the facts of this case. We shall hold that it does not.

### Article 48A, Section 384B

■ Appellants ask us to adopt the dicta expressed in *Gelblum,* 21 Md.App. at 410, 319 A.2d at 548, that Maryland Code Article 48A, Section 384B "seems to contemplate that the two injuries [property damage and personal injury] give rise to separate causes of action since it denies the right to withhold settlement of a property damage claim pending the conclusion of a personal injury suit arising out of the same incident." We decline to do so for the reason that it is plain that the cited section has no application to the subject case.

Section 384B reads as follows:

"No claim for damage to property resulting from a motor vehicle accident shall be denied or payment therefor delayed because the person who is entitled to payment or any other person has a claim pending for bodily injury which may have arisen from the same or any other accident. Whenever an insurer, or self-insurer approved under section 17–103(a)(2) of the Transportation Article,

has the appropriate motor vehicle coverage for the party liable and there is no significant dispute as to either the liability for the payment of the full property damages or the amount of the monetary equivalent of these damages, including an amount for loss of use of the motor vehicle, if claimed, and cost of obtaining an estimate of repairs then the *amount payable shall immediately be due and owing and shall promptly be paid by the insurer or self-insurer.*

"A *settlement* made by an insurer or a self-insurer of a claim arising from any accident or other event for damage to or destruction of property owned by another person may not (1) be construed as an admission or recognition of liability by the self-insurer with respect to any other claim arising from the same accident or event, or (2) preclude any claim for bodily injury or other claims not within the scope of the settlement." (Emphasis added.)

We read "settlement" in the second paragraph of § 384B to have the same meaning as "the amount ... promptly ... paid by the [liable party's] insurer" in the first paragraph. Thus the second paragraph does not generally abolish the splitting rule but operates only on a particular plaintiff's personal injury and property damage claims arising out of a single motor vehicle accident, if the insurer makes a "settlement." There is no obligation to make a "settlement" unless there is "no significant dispute." Further, in ordinary usage the term "settlement" does not embrace a money judgment entered after a contested trial.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.

ELDRIDGE, Judge, dissenting:

I agree with the part of the Court's opinion which holds that *res judicata* would bar the Dills' personal injury claim unless Md.Code (1957, 1979 Repl. Vol., 1985 Cum.Supp.), Art. 48A, § 384B, creates a limited exception to the *res*

*judicata* doctrine. I disagree entirely, however, with the majority's interpretation of § 348B.

I believe that the Legislature, in enacting § 384B, intended to split an injured party's cause of action for personal injury and property damage arising out of the same motor vehicle accident. The statute achieves this purpose by dividing the personal injury and property damage cause of action into different causes of action, allowing the injured party to have them separately resolved.

The statute refers to the personal injury and property damage "claims" as separate. This Court has repeatedly said that a "claim" encompasses at least a cause of action. *Group Health Ass'n v. Blumenthal,* 295 Md. 104, 112, 453 A.2d 1198 (1983); *Biro v. Schombert,* 285 Md. 290, 295, 402 A.2d 71 (1979); *Suitland Dev. v. Merchants Mort.,* 254 Md. 43, 54, 254 A.2d 359 (1969). Thus, in making personal injury and property damage separate "claims," the statute splits them into separate causes of action.

Section 384B was designed to encourage the speedy resolution of motor vehicle property damage claims while personal injury claims are still pending. This prevents self-insured defendants and insurers from using the property damage claim as leverage to force an injured party to settle unfavorably a personal injury claim. The statute does not limit the time for settlement of the property damage claim to only that period before a claim for personal injury is filed. Rather, by its terms, the statute provides that settlement for the property damage claim shall not be delayed because the plaintiff "has a claim pending for bodily injury which may have arisen from the same ... accident." The majority's interpretation not only discourages settlement of a property damage claim, but works to prevent it. Under the majority's holding, if an injured claimant and an insurer were to settle a property damage claim after suit was instituted, with the settlement embodied in a judgment, *res judicata* would bar the injured party from pursuing his

personal injury claim. This is precisely the situation which § 384B was designed to remedy.

The majority's interpretation of § 384B largely renders the statute useless. Therefore I dissent.

Judge SMITH has authorized me to state that he concurs with the views expressed herein.