598 A.2d 858

**Terry LAKE**

v.

**Mark JONES, et al.**

**No. 191, Sept. Term, 1991.**

Court of Special Appeals of Maryland.

Dec. 5, 1991.

P. Paul Cocoros, Baltimore, for appellant.

Gilbert Rosenthal (Rosenthal, Kaufman & Ries, P.A., on the brief), Baltimore, for appellees.

Argued before ALPERT, BLOOM and WENNER, JJ.

BLOOM, Judge.

In philanthropy, not letting your left hand know what your right hand is doing may be estimable;[1] in litigation, as appellant has discovered, it may prove discomfiting.

---

[1] "When thou doest alms, let not thy left hand know what thy right hand doeth." Matthew 6:3.

Appellant, Terry Lake, sustained personal injuries and her automobile was damaged when it collided with a taxicab owned by appellee Royal Cab Company, and operated by appellee Mark Jones. Appellant's insurance carrier, Nationwide Insurance Company (Nationwide), paid all but $100 (the deductible feature of the collision coverage) of the cost of repairing appellant's car. Appellant brought suit against appellees in the Circuit Court for Baltimore City, claiming damages only for her personal injuries. While that suit was pending, Nationwide, apparently unaware of the circuit court action, filed suit, to its own use and to the use of appellant, against appellees in the District Court of Maryland, seeking to recover the full amount of the damages to appellant's automobile, including her $100 loss. Appellant asserts that she was unaware of Nationwide's action.

Appellees, who were, of course, aware of both suits, simply let the District Court case go to judgment against appellee Jones.[2] They then filed a motion for summary judgment in the circuit court case, asserting that, under the holding of *Dill v. Avery*, 305 Md. 206, 502 A.2d 1051 (1986), the doctrine of *res judicata* barred continuation of that suit. The circuit court agreed with appellees' position and granted their motion. This appeal followed.

Appellees, of course, rely upon *Dill;* appellant seeks to distinguish her case from that one, asserting (1) that what occurred in the District Court should be deemed to be a "settlement" of the property damage claim within the meaning of Md.Code Ann., art. 48A, § 384B, and thus not a bar to a separate action for personal injuries and (2) that the doctrine of *res judicata* does not apply because she had no notice of her insurer's District Court action. Finding *Dill* to be distinguishable, but not on either of the bases asserted by appellant, we shall reverse the judgment of the circuit court.

---

**2.** Nationwide, satisfied with a judgment against appellee Jones, dismissed the suit as to Royal Cab Company.

*Dill* began as an action by Shirley and Ronald Dill against William Avery in the District Court of Maryland for damages to the Dills' automobile resulting from a motor vehicle collision. Judgment was rendered in favor of the Dills in 1981. In 1982 the Dills filed an action in the Circuit Court for Anne Arundel County in which they jointly claimed loss of consortium and Shirley Dill claimed damages for personal injuries. The trial court held that the doctrine of *res judicata* barred not only Shirley's claim for personal injuries but also the joint claim of Shirley and Ronald for loss of consortium. In affirming the trial court, the Court of Appeals said:

> In sum, both Shirley and Ronald were parties to the proceedings in the District Court from inception to conclusion. No jurisdictional barrier existed in that court preventing them from the prosecution of all claims that either or both had arising out of the collision.[3] The doctrine of *res judicata* bars prosecution of the subject action unless the provisions of Maryland Code Article 48A, Section 394B alters the doctrine under the facts of this case. We hold that it does not.

*Id.* at 215, 502 A.2d 1051. Article 48A, § 384B, of the Maryland Code provides:

> No claim for damage to property resulting from a motor vehicle accident shall be denied or payment therefor delayed because the person who is entitled to payment or any other person has a claim pending for bodily injury which may have arisen from the same or any other accident. Whenever an insurer, or self-insurer approved under section 17–103(a)(2) of the Transportation Article, has the appropriate motor vehicle coverage for the party liable and there is no significant dispute as to either the liability for the payment of the full property damages or the amount of the monetary equivalent of these damages,

---

**3.** The *Dill* opinion did not state the amount of damages claimed by Shirley and Ronald Dill in the circuit court action. Appellant Terry Lake, however, sought to recover $100,000 in damages, an amount far in excess of the jurisdiction of the District Court.

including an amount for loss of use of the motor vehicle, if claimed, and cost of obtaining an estimate of repairs then the amount payable shall immediately be due and owing and shall promptly be paid by the insurer or self-insurer.

A settlement made by an insurer or a self-insurer of a claim arising from any accident or other event for damage to or destruction of property owned by another person may not (1) be construed as an admission or recognition of liability by the self-insurer with respect to any other claim arising from the same accident or event, or (2) preclude any claim for bodily injury or other claims not within the scope of the settlement.

The *Dill* Court held that "the term settlement [in section 384B] does not embrace a money judgment entered after a contested trial." 305 Md. at 216, 502 A.2d 1051. Even though the District Court action terminated in a judgment against appellee Jones because he withdrew his defense to Nationwide's claim, the result was still a judgment in a contested action, and not a settlement within the meaning of § 384B. That section did not apply in *Dill* and does not apply in this case.

The *res judicata* defense asserted by appellees arose because maintenance of the separate actions by appellant for her personal injuries and by her insurer, on her behalf as well as on its own behalf, for property damages, amounted to splitting a single cause of action. In *Dill*, the Court of Appeals, quoting from 46 Am.Jur.2d *Judgments* § 405 (1969), stated the general rule concerning the effect of splitting a cause of action:

The law does not permit the owner of a single or entire cause of action, or an entire or indivisible demand, to divide or split that cause or demand so as to make it the subject of several actions, without the consent of the person against whom the cause or demand exists. A similar result is reached under *res judicata* principles precluding relitigation of the same cause of action between the same parties or their privies, when that doc-

> trine is applied to a plaintiff who is successful in the first action. This doctrine prevails although all of the relief to which the plaintiff is entitled is neither requested nor granted in such action, and the former recovery in fact represents only a part of the damage he suffered; it is the general rule that if an action is brought for part of a claim, a judgment obtained in the action precludes the plaintiff from bringing a second action for the residue of the claim. (Footnotes omitted.)

*Dill*, 305 Md. at 290, 502 A.2d 1051. Relying also on Restatement (Second) of Judgments §§ 24 and 25, which relates to "splitting" and the extinguishment of plaintiff's claim by merger or bar, and the annotation at 62 A.L.R.2d 977 (1950), the Court held that the Dills' personal injuries and property damages constituted but a single claim and that the judgment in the District Court for one part of the claim barred them from maintaining a subsequent action for the remainder of the same claim.

There is no question but that Nationwide and appellant were in privity. Nationwide's claim is based upon its contractual right of subrogation to appellant's claim, and whether asserted by appellant or by her subrogated insurer on her behalf as well as its own behalf, the damages to appellant's automobile and the injuries to her person give rise but to a single cause of action. Appellant refers us to no authority, and we are aware of none, that supports her assertion that application of the doctrine of *res judicata* requires notice to or knowledge by her of the action brought on her behalf by her subrogee. She cannot distinguish this case from *Dill* by asserting that she was unaware of the District Court suit.

What does distinguish this case from *Dill*, however, is that in *Dill* the two actions were sequential, *i.e.*, there was a judgment in the first (District Court property damage) case before the second suit, for personal injuries, was filed in the circuit court, whereas in the case at bar both cases were pending at the same time. Appellees, perforce, were well aware that there were two separate actions—splitting

a cause of action—being maintained at the same time, a fact of which the plaintiffs in those two actions were apparently unaware. Had the matter been brought to the attention of the District Court and Nationwide as a matter of defense—another suit pending on the same cause of action—the District Court case undoubtedly would have been transferred to the circuit court for consolidation with the case already pending there. *See* Md.Code Ann., Cts. & Jud.Proc. Art., § 6–104(b); Md.Rule 3–503(a)(2).

What is the effect of appellees' silence in the face of simultaneous suits against them on the same cause of action and their lack of resistance to a judgment in the lesser claim, for property damage? We find no appellate decision in this state on that precise question. We do find, however, persuasive authority elsewhere for the proposition that appellees waived their right to rely upon the defense of *res judicata* arising out of the splitting of appellant's cause of action.

The concept of waiver was raised below by appellant in response to appellees' motion for summary judgment. It was not raised in the brief filed by appellant in this Court, but we raised it, *nostra sponte*, during oral argument, "so that we do not deem it to have been waived." *Meyer v. Gyro Transport Systems, Inc.*, 263 Md. 518, 532–33, 283 A.2d 608 (1971).

In *Georgia Railway & Power Co. v. Endsley*, 167 Ga. 439, 145 S.E. 851 (1928), the plaintiff suffered personal injuries and damages to her motor vehicle in a collision with a streetcar. She first brought suit in the municipal court for the damage to her automobile, and on the next day she brought suit against the same defendant in the Superior Court of Fulton County to recover for her personal injuries. The defendant made no mention of the other action in either case, but simply pled a general denial to both. The plaintiff obtained a judgment in the amount of $25 in the municipal court action. Several months later, the defendant in the Superior Court action pled the defense of *res judicata* based on the prior municipal court decision. The Supreme

Court of Georgia held that it was too late for the defendant to interpose the *res judicata* defense. The Court pointed out that *res judicata* was primarily for the benefit of the defendant, "and being for their benefit they may waive it." *Id.* at 446, 145 S.E. 851. The rationale behind *Endsley,* and other similar cases, is thus summarized:

By acquiescing to the separate suits without objecting to the other pending action, the defendant may be found to have waived his objections to the claim splitting. He may not lie in wait silently until one of the two actions is brought to judgment to ambush the plaintiff and defeat the other action.

J. Friedenthal, M. Kane & A. Miller, *Civil Procedure* § 14.3 (1985).

There are similar holdings in *Southern Stock Fire Ins. Co. v. Raleigh, C & S. Railway Co.,* 179 N.C. 290, 102 S.E. 504 (1920) (the defendant, having answered to the merits instead of objecting to the division of actions by plea or motion, was held to have acquiesced in such division); *Hardwicke–Etter Co. v. City of Durant,* 77 Okl. 202, 187 P. 484 (1920) (consent to the splitting of causes will be presumed unless the former action in bar is pleaded); *Mayfield v. Kovac,* 41 Ohio App. 310, 181 N.E. 28 (1932) (defendant waived his right to object to the division of causes by failure to interpose, "in the second action, and at the earliest opportunity, a plea in bar, or otherwise object"); and *National Union Fire Ins. Co. v. Denver & R.G.R. Co.,* 44 Utah 26, 137 P. 653 (1913) (defense based on splitting of causes could not be raised by general demurrer and is waived if no specific objection was raised).

As noted *supra,* §§ 24–25 of Restatement (Second) of Judgments deal with the *res judicata* effect of splitting a cause of action. Illustration No. 1 under § 24 covers the sequence of events that were presented in *Dill v. Avery, supra:*

1. A and B, driving their respective cars, have a collision injuring A and damaging his car. The occurrence is single, and so is A's claim. If A obtains a judgment

against B on the ground of negligence for the damage to the car, he is prevented by the doctrine of merger from subsequently maintaining an action for the harm to his person.

Section 26, however, sets forth exceptions to the general rule concerning splitting. Subsection (1) states, in pertinent part, that the general rule of § 24 does not apply to extinguish the claim, and part or all of the claim subsists as a possible basis for a second action by the plaintiff against the defendant when

(a) The parties have agreed on terms or in effect that the plaintiff may split his claim, or the defendant has acquiesced therein; ....

In its comment on subsection (1), the Restatement points out that a main purpose of the general rule stated in § 24 is to protect the defendant from being harassed by repetitive actions based on the same claim. "The rule is thus not applicable where the defendant consents, in express words or otherwise, to the splitting of the claim." The comment concludes with the following observation:

When the plaintiff is simultaneously maintaining separate actions based upon parts of the same claim, and in neither action does the defendant make the objection that another action is pending based on the same claim, judgment in one of the actions does not preclude the plaintiff from proceeding and obtaining judgment in the other action. The failure of the defendant to object to the splitting of the plaintiff's claim is effective as an acquiescence in the splitting of the claim.

The following illustration is provided:

1. After a collision in which A suffers personal injuries and property damage, A commences in the same jurisdiction one action for his personal injuries and another for the property damage against B. B does not make known in either action his objection (usually called "other action pending") to A's maintaining two actions on parts of the same claim. After judgment for A for the personal injuries, B requests dismissal of the action for property

damage on the ground of merger. Dismissal should be refused as B consented in effect to the splitting of the claim.

In *Vane v. C. Hoffberger Company*, 196 Md. 450, 77 A.2d 152 (1950), the Court of Appeals was faced with a problem analogous to the one that now confronts us. Employees of the C. Hoffberger Company, servicing an oil burner in a building owned by James and Margaret Vane, allowed smoke to permeate the premises, causing damage to the building and to certain foodstuffs. The Vanes had two insurance policies, one covering loss to food and other stocks, and the other covering the building and fixtures. The two insurers paid the Vanes for their damages—$75 for damages to the food and $589.65 for damage to the building—thus becoming subrogated to the Vanes' claim against C. Hoffberger Company. Each insurance company filed suit, in the name of the Vanes, the nominal parties, to recover their subrogated losses. The $75 claim was filed in the People's Court of Baltimore City (now superseded by the Maryland District Court); the $589.65 claim was later filed in the Baltimore City Court (now part of the Circuit Court for Baltimore City). For a brief period, both suits were pending at the same time. Then judgment was entered for the insurer in the People's Court case, whereupon the defendant successfully pleaded that judgment in bar to the other case. In affirming the judgment for the defendant, the Court of Appeals referred to the above cited cases from Georgia, North Carolina, Oklahoma, Ohio, and Utah, and quoted from the section of the Restatement of Judgments recognizing the exception to the general rule as to splitting a cause of action when the defendant fails to object thereto, but found them inapposite. What distinguished the *Vane* case from those cases in other states, as the Court noted, was that in *Vane* there was a judgment in the People's Court before the defendant was required to plead to the action in the Baltimore City Court. Thus, the defendant was able to plead the lower court judgment in bar as part of its first pleading, and never took any action that

could be construed as acquiescence to the splitting of the Vanes' sole cause of action.

In this case, unlike what occurred in *Vane,* the defendants first pleaded in bar to the circuit court case, then gave notice of intention to defend the District Court case, and later withdrew the defense as to one defendant in the District court so that judgment could be entered against that defendant. This case, therefore, is squarely within the language of Restatement (Second) of Judgments, § 26(a)(1), the comment to that subsection and illustration No. 1 of the rule and comment, quoted *supra.* We believe that the Restatement analysis, as well as the holdings in *Georgia Railway & Power Co. v. Endsley, supra,* and the other cases reaching similar results, are well reasoned and correct expositions of applicable principles of law. Accordingly, we hold that appellees waived their right to object to the splitting of appellant's single cause of action and, therefore, the District Court judgment was no bar to appellant's action in the circuit court. We shall reverse the judgment of the circuit court and remand the case to that court for further proceedings. What *res judicata,* or collateral estoppel, effect as to appellees' liability the District Court judgment will now have in the circuit court case is not before us in this case, so we do not address that question.

JUDGMENT REVERSED.

COSTS TO BE PAID BY APPELLEES.